LAFLIN *vs.* GRIFFITHS, Sheriff, &c.

In determining whether articles are or are not fixtures, the same rule prevails between mortgagor and mortgagee as between grantor and grantee. And this, whether the mortgagee were or were not in possession of the premises.

If articles, before being detached, were fixtures, the person having the title to the realty can, in case of their removal by another, sue for the specific recovery of the things themselves, or in trespass for the damages to the freehold.

Where a mortgagee is in possession of the mortgaged premises, at the time of the removal of the fixtures therefrom, his subsequent foreclosure of the mortgage and sale of the premises will ripen his possession into an absolute title, instead of a conditional one.

Though the mortgage debt has become satisfied by the mortgagee's purchasing the premises, on a foreclosure sale this will not alter his rights in respect to fixtures attached to a building and wrongfully removed therefrom by another. If, at the time of such removal, the mortgagee had the title, even though it were a conditional one, that is sufficient to found an action against the wrongdoer.

Where articles of machinery were attached to a building by braces and nails, having been so attached when the building was erected, and having always continued so attached, and the sole use of the building being the accommodation and employment of such machinery, it was *held* that the articles of machinery were to be deemed *fixtures*.

THIS action was brought against the defendant, as sheriff of Ulster county, to recover possession of certain personal property, consisting of the machinery and implements of a cooper shop. One Moses Colburn erected in the town of Woodstock a keg factory. He put up the building and machinery at the same time, for the express and only purpose of a keg factory. The machinery was fastened permanently and securely to the building. On the 29th day of March, 1853, Colburn executed and delivered to the plaintiff a mortgage upon the premises on which the factory stood, to secure the payment of the sum of $1000, which was recorded in the Ulster county clerk's office on the 31st day of March, 1853. In the month of May, 1854, the mortgage becoming due and unpaid, the plaintiff with the consent of Colburn took actual possession of the premises, Colburn leaving the country, and one Peter H. Cooper being left in

Laflin *v.* Griffiths.

the possession as the agent of the plaintiff. One John Van Buren, on the 5th day of July, 1853, having recovered a judgment against the said Moses Colburn and others, an execution was issued on the said judgment and placed in the hands of the defendant Griffiths, sheriff of Ulster county, for collection. The defendant, under and by virtue of said execution, in August, 1853, seized and removed the property described in the complaint, to wit, a machine for turning kegs and its fixtures, a machine for jointing staves, and a machine for cutting staves and fixtures. The property thus taken was a part of the machinery of the keg factory, and to separate it from the building, they used levers to tear it up.

The mortgage given to the plaintiff by Colburn was foreclosed by advertisement under the statute, and purchased by the plaintiff on the 21st day of August, 1854, for the sum of $1145.02. The amount claimed to be due on the first publication of the notice, (May 20, 1854,) was $1081.01. The sheriff subsequently made the amount of the execution under which he seized the property, partly by a sale of other property, and partly by payments made by the defendants therein.

The case was tried at the Ulster circuit, in February, 1860, before Justice PECKHAM, and a jury. The court directed judgment in favor of the plaintiff for the sum of $350, subject to the opinion of the court at general term.

*T. B. Gates* and *T. R. Westbrook,* for the plaintiff. I. The building having been erected expressly as a *keg factory,* and the machinery taken put up with the building, and *permanently* fastened thereto, such machinery, as between the mortgagor and mortgagee, were fixtures. (*House* v. *House,* 10 *Paige,* 158. *Walker* v. *Sherman,* 20 *Wend.* 636. *Bishop* v. *Bishop,* 1 *Kern.* 123. *Snedeker* v. *Waring,* 2 *id.* 170. *Union Bank* v. *Emerson,* 15 *Mass. Rep.* 159. *Day* v. *Perkins,* 2 *Sandf. Ch. Rep.* 359.)

II. The plaintiff was a mortgagee in possession, and being

in possession he could hold the property, and as a consequence *every part* of it. (*Van Duyne* v. *Thayre,* 14 *Wend.* 233. *Phyfe* v. *Riley,* 15 *id.* 248. *Watson & Polhemus* v. *Spence,* 20 *id.* 260.)

III. The foreclosure of the mortgage, and the purchase of the premises by the plaintiff, does not impair the title of the plaintiff. (1.) It does not affirmatively appear that the property sold for enough to pay the mortgage. The amount due on the first publication of the notice of sale is given, and also the amount for which the premises were sold. But it does not appear what the costs of the foreclosure were, and consequently the court cannot say the mortgage is paid. (2.) The purchase gave to the plaintiff the property as owned by Colburn at the date of the mortgage, and consequently the property in question, being fixtures and a part of the realty, passed to the plaintiff by such sale. (*Watson* v. *Spence,* 20 *Wend.* 260, 262, 263. *Bishop* v. *Bishop,* 1 *Kernan,* 123.)

IV. Though the plaintiff could not hold the property under the mortgage as a part of the realty, yet the act of Colburn in placing the plaintiff in possession of the property for the protection of the mortgage amounted to a pledge of the property in question (if it be personal property) to the plaintiff, and as the pledgee thereof he could hold it as against all the world, until his debt was paid. And if his debt is paid, then the plaintiff is entitled to the property for the purpose of restoration to the pledgor.

V. The sheriff had, at the time of trial, not a particle of right to the property, the execution under which he claimed to seize and hold it having been paid. Having elected not to look to the property in question for payment of the execution, but to make it elsewhere, he cannot hold the property.

VI. The sheriff having removed the property from the building, replevin can be maintained. (*Cresson* v. *Stout,* 17 *John.* 116.)

Laflin *v.* Griffiths.

*E. Cooke*, for the defendant. I. The proceedings in the action assume the machinery to be personal property. The plaintiff's title to it depends upon its having been real property, so as to pass under the general description in the mortgage. The claim therefore is, that it has been changed from real to personal. This could only be done by removing it from the building to which it was attached; and this occurred prior to the mortgage foreclosure. The result is, that if it was personal property on the 25th August, 1854, so as to form the subject of an action of replevin, it was personal on the 21st day of the same month, and, therefore, did not pass under the foreclosure sale of that day.

II. The plaintiff had, as mortgagee, no such interest as enabled him to maintain the action. The mortgage is a mere security for money, and only an incident to the debt. (*Wilson* v. *Troup*, 2 *Cowen*, 195. 2 *Barb. Ch. R.* 135.) The interest of the mortgagee in the land is only to the extent of securing payment of the debt, and when the amount of the debt is realized, his interest in the mortgaged premises is extinguished. And the only right the mortgagee has in the land, even after forfeiture, is to take possession with the assent of the mortgagor, and hold it until the debt is paid. The title remains in the mortgagor. (*Waring* v. *Smyth*, 2 *Barb. Ch. R.* 119, 129, 135.) It follows that the mortgagee, not being seised of the freehold, had no title which could attach itself to the machinery as personalty upon its severance.

III. The only ground upon which the plaintiff could have maintained an action for taking out the fixtures, was waste; and even then he could not, unless waste had been done to such an extent as to impair and render inadequate his security. His action, then, is for an injury to his security, rather than to his estate or property. (*Van Wyck* v. *Alliger*, 6 *Barb.* 507. *Will. Eq.* 434.) That the security in this case sustained any such injury, is conclusively disproved by the fact that the portion of the premises remaining, after the

severance of the fixtures, realized and paid the whole amount of the plaintiff's debt.

IV. The machinery was taken out by the defendant, by the consent of Colburn, the mortgagor, to pay his debts. The property was turned out by Colburn in good faith, and the plaintiff can no more maintain an action for the property than he could have an injunction to restrain its removal, without showing that he was injured in respect to his security. (*Ensign* v. *Colburn*, 11 *Paige*, 504. *Willard's Eq. Jur.* 434.)

*By the Court*, GOULD, J. In considering this case, and determining whether the articles in question were, or were not, fixtures, we are to follow the decision in *Snedeker* v. *Warring*, (2 *Kern.* 174,) holding the same rule as between mortgagor and mortgagee that would be held as between grantor and grantee. And this, whether the mortgagee were, or were not, in possession of the premises. Nor can there be any doubt, if the property before detached were fixtures, that the person having the title to the realty could sue for the specific recovery of the things themselves, or in trespass for the damages to the freehold. A tort feasor has no right to complain of the *form* of the remedy; nor is the owner of machinery, of which the chief value may be its immediate employment on the premises, to be debarred of legal process for its immediate recaption for the purposes of such employment.

It seems to me, however, that the mortgagee was in possession of the premises at the time of the removal of the machinery, so that the taking was from his actual possession; a possession which his subsequent foreclosure and sale ripened into an absolute title, instead of a conditional one, as it was when he took the possession.

Were those articles of machinery fixtures? I am inclined to think the rule on that subject has not been essentially altered, since the case of *Walker* v. *Sherman*, (20 *Wend.* 639.)

Laflin *v.* Griffiths.

That case (*p.* 653) holds that "very slight affixing for permanent use is sufficient;" and that "the ancient distinction between *actual annexation* and *total disconnection* is the most certain and practical." And (*p.* 655) that to be a fixture, it must be, "in some way permanently, or at least habitually, attached" to the building. (*See same case, pp.* 639, 643, 651.)

In the case before us, the sole use of the building was the accommodation and employment of this machinery; it was attached to the building by braces and nails; it had been so attached when the building itself was put up, and had always so continued. It would seem clearly within the rule of the case last cited.

Further, it nowhere appears that the sale of this machinery was under *any* execution; whether the one originally levied on it, or another. And it does appear that all those executions are satisfied without any resort to this property or its avails.

That the plaintiff's mortgage debt has, since, become satisfied by his purchasing the property on the foreclosure, does not, I think, alter his rights. If, at the time of its seizure, he had the title, (even a conditional one,) that is sufficient to found the action.

I think judgment should be entered, on the verdict, for the plaintiff.

[Albany General Term, December 3, 1860. *Gould, Wright* and *Peckham,* Justices.]