## HOWE *v.* WADSWORTH.

The right of a mortgagee to timber severed and sold without his knowledge or consent from mortgaged premises by the mortgageor, is paramount to that of the vendee having no notice of the mortgage, and he may recover its value of the vendee in trover.

A mortgagee is not estopped from claiming mortgaged property under his mortgage, by reason of having attached the same property, if at the time of the attachment he had no notice that the property was included within the mortgage.

TROVER, for lumber. Plea, the general issue, with a brief statement of justification as the agent and servant of Flanders & Pattee, claiming to be the owners. Facts found by a referee. Williams sold and delivered to the plaintiff the lumber which he had severed from his land, of which Flanders & Pattee had a recorded mortgage, excepting about 300 feet which he obtained elsewhere, but which was indistinguishably mixed with the other lumber. The lumber was cut and sold to the plaintiff without the knowledge or consent of the mortgagees. The plaintiff had no notice that the lumber was taken from mortgaged land. The money given by the plaintiff for the lumber was paid by Williams to the mortgagees, who applied it upon some other debt than that secured by the mortgage.

Flanders & Pattee attached the lumber on a writ against Williams by the defendant, a deputy sheriff. After demand by the plaintiff for the whole lumber, and refusal to surrender the lumber, the defendant, having the mortgage and note, and acting as the mortgagee's servant, seized and sold the lumber on the mortgage. The question raised is the plaintiff's right to recover.

*Morrison & Bartlett*, for the plaintiff.

One question in this case is, Has the plaintiff the right to recover for property indisputably his, and to which the defendant never had a shadow of a claim; which was mixed with other property of exactly the same kind and quality, without the fault, neglect, or even knowledge of the plaintiff; property known, measured, and proved, and which the referee reports specifically upon, giving its exact amount and value? *Gilman & Sanborn* v. *Hill*, 36 N. H. 323; *Robinson* v. *Holt*, 39 N. H. 563; *Moore* v. *Bowman*, 47 N. H. 494; 1 Story Eq., *s.* 468; Kent Com. 364, 365; Story Bailm. 40; *Lupton* v. *White*, 15 Vesey, Jr., 432; *Hart* v. *Ten Eyck*, 2 Johns Ch. 108; *Ryder* v. *Hathaway*, 21 Pick. 298; Cooley Torts 53, 54.

I. What are the respective rights, and what the nature of the respective interests, of the mortgageor and mortgagee in mortgaged real estate? Is the mortgagee's interest real estate, or is it a mere

chattel interest? If the mortgage vests in the mortgagee the whole legal estate, what interest can the mortgageor have in the premises? What say the courts? In this state a mortgage in fee vests in the mortgagee the whole legal estate. *Brown* v. *Cram,* 1 N. H. 169; *M'Murphy* v. *Minot,* 4 N. H. 251. Other decisions most nearly sustaining these qualify that declaration, and limit its application to the mortgageor. *Per contra,* the interest of the mortgagee is not in fact real estate, but a personal chattel, a mere security for the debt. *Southerin* v. *Mendum,* 5 N. H. 420; *Glass* v. *Ellison,* 9 N. H. 69; *Smith* v. *Moore,* 11 N. H. 55; *Ellison* v. *Daniels,* 11 N. H. 284; *Parish* v. *Gilmanton,* 11 N. H. 293; *Rigney* v. *Lovejoy,* 13 N. H. 247; *Great Falls Company* v. *Worster,* 15 N. H. 412, 434, 444; *Gilsum* v. *Sullivan,* 36 N. H. 368. Before an entry under the mortgage, or an assertion of it in some other mode, the mortgageor is regarded as the owner of the land, notwithstanding the mortgage. See cases above cited. The mortgagee until that time has no interest in the land, which can be taken by his creditors. *Sissons* v. *Bicknell,* 6 N. H. 559; *Kelly* v. *Burnham,* 9 N. H. 20,—and cases before cited. A conveyance of real estate can only be made by deed in writing, duly acknowledged, etc. But it is settled in this state that a mere parol assignment of the debt secured conveys all the mortgagee's interest in the mortgaged premises. *Rigney* v. *Lovejoy,* 13 N. H. 247; *Lane* v. *Sleeper,* 18 N. H. 209; *Whittemore* v. *Gibbs,* 24 N. H. 484; *Wilson* v. *Kimball,* 27 N. H. 300; *Blake* v. *Williams,* 36 N. H. 40, 42. And the mortgagee's deed, before entry, unaccompanied by a transfer of the debt, will convey no interest to the grantee. *Bell* v. *Morse,* 6 N. H. 206; *Smith* v. *Smith,* 15 N. H. 55; *Weeks* v. *Eaton,* 15 N. H. 148; *Dearborn* v. *Taylor,* 18 N. H. 153; *Hobson* v. *Roles,* 20 N. H. 41; *Furbush* v. *Goodwin,* 25 N. H. 425, 450, 455; *Lamprey* v. *Nudd,* 29 N. H. 299; *Currier* v. *Webster,* 45 N. H. 234.

The mortgagee's widow is not entitled to dower in the mortgaged premises. Before entry he cannot pass the title by deed alone, so neither can he devise it. His interest goes not to the heirs direct, but to the executor or administrator of his estate, who has the bare right of action to bring a writ of entry in his own name. Powell Mortgages 733, 734, 743; *Ballard* v. *Carter,* 5 Pick. 112; *Smith* v. *Dyer,* 16 Mass. 18; *Scott* v. *McFarland,* 13 Mass. 309; 11 Johns 534; *Bickford* v. *Daniels,* 2 N. H. 71; *Southerin* v. *Mendum,* 5 N. H. 430, 431. He does not gain a settlement thereby. 36 N. H. 369, 370.

If, then, the mortgagee has no interest in the mortgaged property which he can deed or devise in general terms; if he has no attachable interest and no dowerable estate therein; and if the mortgageor has all these and more,—gains a settlement by reason of such ownership and the incident thereto; is entitled to the rents and profits; cannot pass his interest by parol; is to be treated as the owner for the purpose of notice in the laying out of highways,

and for every other purpose, to the same effect and extent precisely as he would be if there were no mortgage,—then, we ask, is he not to be deemed the owner of the legal estate therein?—and if not, why not? Nine tenths of the decisions rendered during the last fifty years are to that effect. See N. H. cases cited; also, *Jackson* v. *Lodge*, 36 Cal. 28; *United States* v. *Athens Armory*, 35 Ga. 344; *Whitmore* v. *Shiverick*, 3 Nev. 288; *Clawson* v. *Fichbaum*, 2 Grant's Cases 130; *Trus. of Union College* v. *Wheeler*, 61 N. Y. 88; *Timms* v. *Shannon*, 19 Md. 296; *Dutton* v. *Warschauer*, 21 Cal. 609; *Mack* v. *Wetzlar*, 39 Cal. 247; *Drake* v. *Root*, 2 Col. 685; *Cooch* v. *Gerry*, 3 Har. (Del.) 280; *Burnside* v. *Terry*, 45 Ga. 621; *Vallette* v. *Bennett*, 69 Ill. 632; *Chick* v. *Willetts*, 2 Kans. 384; *Duclaud* v. *Rousseau*, 2 La. Ann. 168; *Caruthers* v. *Humphrey*, 12 Mich. 270; *Gorham* v. *Arnold*, 22 Mich. 247; *Adams* v. *Corriston*, 7 Minn. 456; *Stanard* v. *Eldridge*, 16 Johns. 254,—and other N. Y. cases. Jones on Mortgages says, "In Kentucky a mortgage passes the legal title to the mortgagee." See, also, *Wooley* v. *Holt*, 14 Bush., decided May 22, 1879. Other states are fast placing themselves on the side of justice and equity. How it can be held otherwise in this state, at this late day, we cannot understand. Perhaps the mortgagee's rights belong to a higher plane, where the laws of earth prevail not, and the winds blow contrariwise.

II. It is, we believe, well settled, that until after entry for breach of condition the mortgagee is not entitled to the rents and profits, but the same are the property of the mortgageor. Having no right to the rents, profits, or growing crops, if the mortgagee has any rights on account of timber cut, it must be because such cutting is waste and a damage to the security. *Givens* v. *M'Calmont*, 4 Watts (Pa.) 460; *Harder* v. *Harder*, 26 Barb. 414; *Hickman* v. *Irvine*, 3 Dana (Ky.) 121; *Jackson* v. *Brownson*, 7 Johns. 227; *Smith* v. *Poyas*, 2 Des. (S. C.) 65; *Keeler* v. *Eastman*, 11 Vt. 293; *Morehouse* v. *Cotheal*, 22 N. J. (L.) 521; *Drown* v. *Smith*, 52 Me. 141; *McCullough* v. *Irvine*, 13 Pa. St. 438. He may have an action on the case in the nature of waste or of trover, and in some cases trespass, against the mortgageor; and such action will also lie against those claiming under the mortgageor for timber cut on the mortgaged premises after a decree of foreclosure. *Hagar* v. *Brainerd*, 44 Vt. 294; *Southworth* v. *Van Pelt*, 3 Barb. 347; *Hampton* v. *Hodges*, 8 Ves., Jr., 105; *Van Pelt* v. *McGraw*, 4 Comst. 110; *Peterson* v. *Clark*, 15 Johns. 205; *Wakeman* v. *Banks*, 2 Conn. 445; *Stowell* v. *Pike*, 2 Greenl. 387; *Page* v. *Robinson*, 10 Cush. 99; *Langdon* v. *Paul*, 22 Vt. 205.

III. The case finds that "the plaintiff had no knowledge whatever, actual or constructive, of the existence of said mortgage, except such as arises from the record thereof at the time he purchased and paid for the lumber," which is equivalent to saying that he had no notice of the existence of the mortgage; for to claim that the record of mortgages in Sullivan county is notice to

a purchaser of lumber in Manchester is absurd. It can be no more so to claim that the record of mortgages in some back county in Michigan or Kentucky is notice to a purchaser of lumber brought from those places for sale in New Hampshire. Let it once be made known that such is the law here, and cheats and sharpers will forthwith understand that a new field for the operation of knavery has been opened. The rule as to constructive notice is succinctly stated by the court in *Parkist* v. *Alexander*, 1 Johns. Ch. 324, to be,—" The registration of a deed or mortgage operates as constructive notice upon all subsequent purchasers of any estate, legal or equitable, in the same property." We find no decisions which extend this rule in terms. Is the purchaser of lumber or wood, which has been removed a hundred miles, the purchaser of an estate, legal or equitable, in the premises from which it has been severed and removed? If so, there is an intangible though sympathetic chord binding the two, such as is found nowhere else and in connection with no other kind of property. But it is stated generally that if facts exist such as should put a party on inquiry, he is bound to inquire, and if he neglects to do it he will be charged constructively with notice of what he might have learned on examination. 1 Johns. Ch. 267–299; 4 Johns. Ch. 46; *Warren* v. *Swett*, 31 N. H. 332.

*Barnard & Leach* (with whom was *W. W. Flanders*), for the defendant.

I. It is a well established principle of law in this state, that a mortgagee is to be regarded as having the legal estate for the purpose of all lawful protection of his interest. *Brown* v. *Cram*, 1 N. H. 169; *M'Murphy* v. *Minot*, 4 N. H. 255; *Sutherin* v. *Mendum*, 5 N. H. 420; *Smith* v. *Moore*, 11 N. H. 55; *Ellison* v. *Daniels*, 11 N. H. 274; *Parish* v. *Gilmanton*, 11 N. H. 298; *Whittemore* v. *Gibbs*, 24 N. H. 484. Standing wood and timber should be held to be included in the mortgage as real estate, at least until the mortgagee has actual notice of its removal and a reasonable opportunity to reclaim it. The law gives more complete rights than this to the owner of property stolen, or left in the hands of third persons and sold without authority, or to bailees of personal property upon which they have a lien, when taken from them without their knowledge. *Partridge* v. *Dartmouth College*, 5 N. H. 288. The purchaser in cases like this can almost invariably escape difficulty by examining the record. The mortgagee cannot do more, except he keep actual possession. The case of *Smith* v. *Moore*, cited by the plaintiff, does not attempt to decide when the rights of third persons can intervene against the mortgagee. This is the very question here raised. We say they cannot intervene until the mortgagee has notice of the removal of the lumber and time to retake it.

II. The mortgagees have lost no rights by first attaching the lumber on a writ against Williams.

1. Because there is no evidence that the defendant knew, when he attached it, that it was the same lumber included in the mortgage. This knowledge by the defendant is a necessary element in order to establish a waiver of title by the mortgagees.

2. There is no waiver or estoppel because no rights have vested or intervened in the plaintiff in consequence of the attachment. The sale of Williams to the plaintiff, if any was made, and the plaintiff's rights, if any, had vested previous to the attachment.

3. It is immaterial whether the defendant had the mortgage in his hands when the demand was made, so long as the mortgagees claimed to hold it upon their mortgage as soon as they could identify the property. The defendant was the servant of the mortgagees. It was the fact that they held the legal title that gave them the right. They would have had the same right if the mortgage had been lost, it being on record. This case differs from *Smith* v. *Moore*, cited by the plaintiff, in another respect. This action was brought to secure the mortgage debt, and was simply another means of applying the same security upon it. In that, the action was brought upon another debt.

III. The plaintiff, in his brief, makes no claim to the 300 feet except as he claims the whole. It is evident he is not entitled to it, because, among other reasons, the demand was for the whole instead of his specified property; and it was so mixed by him that the defendant could not comply with the demand had it been properly made. The action, if any will lie for this part, must be assumpsit.

ALLEN, J.   A mortgagor in possession has no right to remove fixtures from the mortgaged estate, and for their removal the mortgagee may maintain trespass *quare clausum (Pettengill* v. *Evans,* 5 N. H. 54), or against the assignee of the mortgagor, if the removal is by him. *Smith* v. *Goodwin,* 2 Greenl. 173. And, in general, for the protection of the interest of the mortgagee, he has the legal estate, though for many other purposes the mortgage is a mere security for the debt and only a chattel interest. *Sutherin* v. *Mendum,* 5 N. H. 420, 429; *Glass* v. *Ellison,* 9 N. H. 69; *Smith* v. *Moore,* 11 N. H. 55, 61, 63; *Morrison* v. *Manchester,* 58 N. H. 538, 561. Having the legal interest in the estate for the purpose of protecting his security, and being entitled to the full benefit of the entire mortgaged estate for the full payment of his debt, the mortgagee may follow and recover any part of the mortgaged property, removed without his consent, whenever and in whosesoever hands it may be found, either by retaking it, or by action of trover for damages. *Smith* v. *Moore,* 11 N. H. 55, 61, 63; *Cole* v. *Stewart,* 11 Cush. 181; *Byrom* v. *Chapin,* 113 Mass. 308; *Gooding* v. *Shea,* 103 Mass. 360; *Laflin* v. *Griffiths,* 35 Barb. 58; *Hoskin* v. *Woodward,* 45 Pa. St. 42; *Hitchman* v. *Walton,* 4 Mee. & W. 409.

The plaintiff, by his purchase, acquired no more title to the lumber than the mortgageor had. The commercial rule, which protects negotiable paper in the hands of an innocent purchaser, without notice of infinity of title, does not extend to the sale of chattels ; and the plaintiff, by his purchase, acquired no title to the lumber, if it was removed and sold without the knowledge or consent of the mortgagees. The three hundred feet of lumber, not included in the mortgage, was so mingled with the mortgaged lumber as to be indistinguishable from it, and, until pointed out and claimed by the owner, might be taken and held by the mortgagees. *Gilman* v. *Hill*, 36 N. H. 311 ; *Robinson* v. *Holt*, 39 N. H. 557 ; *Taylor* v. *Jones*, 42 N. H. 32. Though a demand was made for the whole lumber, it does not appear from the case that the mortgaged part was pointed out, identified, or claimed by the plaintiff before suit.

The attachment of the lumber by the defendant, on a writ in favor of the mortgagees, did not estop him from setting up the defence of a taking and sale under the mortgage by him as the mortgagees' agent, unless the attachment was made with notice to the mortgagees of their rights under the mortgage. However that may have been, if they had knowledge of their title at the time of the attachment, they could not afterwards set up a claim under the mortgage. If they received the money which came from the sale of the lumber, with a knowledge of its source and of their rights under the mortgage, they could not afterwards deny a consent to the sale, though the money was not applied on the mortgage debt.

Whether the mortgagees, or the defendant as their agent, had notice at the time of the attachment that the lumber came from the mortgaged premises, or whether they knew that the money paid them by the mortgageor, Williams, was a part of the purchase price of the lumber, does not appear by the case. The report may be recommitted to give the plaintiff an opportunity to show that the mortgagees had knowledge or notice in either particular. On the facts now appearing, there must be judgment for the defendant.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.