HENRY TYSON et al., Appellants, *v.* HENRY A. V. POST, Impleaded, etc., Respondent.

GEORGE C. DUTCHER, as Committee, etc., Appellant, *v.* HENRY A. V. POST, Impleaded, etc., Respondent.

The owner of land can by agreement reimpress the character of personalty on chattels, which by annexation to the land have become fixtures; provided only that they have not been so incorporated as to lose their identity, and the reconversion does not interfere with the rights of creditors or third persons.

Plaintiffs having contracted to sell certain premises, upon which was the plant and machinery of a marine railway, defendant P. advanced the money to enable the vendee to make the cash payment required, under an oral agreement between him, the plaintiffs and the vendee, that P. should advance the money and take title to the plant and machinery as security, and that he could remove them at any time. Plaintiffs conveyed the land, taking back mortgages to secure the balance of the purchase-money. Neither deed nor mortgages contained any exception or mention of the fixtures. In an action to foreclose the mortgages *held*, that the agreement was valid, and thereby the fixtures became reimpressed with the character of personalty and were not covered by the mortgages, although the legal import of their language would include it; that as P. was not a party to that instrument, the agreement was not within the rule forbidding oral evidence to contradict a written instrument.

(Argued December 21, 1887; decided January 17, 1888.)

APPEALS from orders of the General Term of the Supreme Court in the second judicial department, made May 14, 1885, which reversed judgments in favor of plaintiffs, entered upon decisions of the court on trial at Special Term.

These actions were brought to foreclose two purchase-money mortgages executed by defendant Cooney upon certain premises situate in Queens county.

There was attached to the premises at the time of the sale and conveyance by the mortgagees and the execution of the mortgage the plant and machinery of two marine railways, the use of which had been abandoned. The controversy was as to these fixtures, of which defendant Post claimed to be the owner. The negotiations for the purchase were between plaintiffs and one Carroll, the conveyance was made to Cooney as the nominee of Carroll. Defendant Post claimed that he advanced the money to complete the cash payment required by the contract of purchase under the understanding and oral agreement of all the parties that he should have the title to said plant and machinery and the right to remove them at any time from the premises.

Further facts appear in the opinion.

*C. Elliott Minor* for appellants. Defendant having voluntarily assumed the burden of proof and admitted plaint-

iff's cause of action and undertaken by a preponderance of evidence to establish the facts constituting a defense is thus required not only to make out a *prima facie* case, but to overcome plaintiffs' proof by much better and stronger evidence, and as plaintiffs' evidence is mostly documentary, consisting of agreements in writing, the defendant. is required to establish his defense by evidence equally good. (*Baird* v. *Mayor, etc.*, 94 N. Y. 567.) When the evidence is contradictory and conflicting the fact that the court below has heard the testimony of the witnesses *viva voce*, and has estimated their frankness or intelligence, and made up its·mind where truth and right lie and given judgment accordingly, will govern the appellate court in sustaining the decision of the court below, unless such decision is clearly against the weight of evidence. (*Roosa* v. *Smith*, 17 Hun, 138; *Crane* v. *Bandouine*, 55 N. Y. 256.) To justify a reversal upon questions of fact it must appear that the findings were against the weight of evidence or that the proof clearly preponderates in favor of a contrary result. (*Westerloo* v. *De Witt*, 36 N. Y. 340; *Sherwood* v. *Hauser*, 94 id. 626; *Baird* v. *Mayor, etc.*, 96 N. Y. 567.) Whatever passes as between vendor and vendee will pass as between mortgagor and mortgagee and whatever will pass by deed will pass by mortgage, and this is particularly true when the intention of the parties was that whatever was on the land should pass by a conveyance of it. (*McRae* v. *Central National Bank of Troy*, 66 N. Y. 489; Jones on Mortgages § 429.) The interest of the defendant Post in the property is subordinate to the lien of the vendor for the unpaid purchase-money, and he cannot assert any claim that can intervene between the conveyance to Cooney and his mortgagees. The deeds and purchase-money mortgages given at the same time must be construed together as one contract. (*Dusenbury* v. *Hulbet*, 59 N. Y. 541.) Parol evidence cannot be received to vary the terms of a mortgage. (Jones on Mortgages, 96; *Martin* v. *Rapelye*, 3 Edw. Ch. 243; *Gridley* v. *Doyle*, 4 N. Y. 486; *Eaves* v. *Henderson*, 17 Wend. 190; *Payne* v. *Loden*, 1 Hill 116; *Burbank* v. *Beach*, 15 Barb. 326; *Farmers & M. Bank*

v. *Whenfield*, 24 Wend. 418; *Pierson* v. *Hooker*, 3 Johns. 68; *Armstrong* v. *Dubois*, 90 N. Y. 101, 102.) All the testimony offered by the respondent on the trial of these cases which was rejected by the court, was as to the present condition of the plant of the marine railway, and in any view of the case was clearly immaterial. (Jones on Mortgage, § 429; *McRea* v. *Nat'l Bank*, 66 N. Y. 489; *Potter* v. *Cromwell*, 40 id. 287; *Bishop* v. *Bishop*, 11 id. 283.)

*Prescott Hall Butler* for respondent. In determining the character of articles claimed to be fixtures as between vendor and vendee, the purpose of the annexation and the intent with which it was made, and the dealings between the parties are the tests. (*Mac Rae* v. *Central Bank of Troy*, 66 N. Y. 489, 495, 499; *Voorhees* v. *McGinnis*, 48 N. Y. 278; Washburn on Real Property, 283; 2 Kent's Comm. 284, 343; *Potter* v. *Cromwell*, 40 N. Y. 287, 296; *Wells* v. *Maples*, 15 Hun 91; *Ford* v. *Cobb*, 20 N. Y. 344; *Sisson* v. *Hibbard*, 75 N. Y. 542; *Mead* v. *Shea*, 92 N. Y. 122, 126; *Juillard Chaffee*, id. 529.) Post took the personal property by delivery. (*McKeage* v. *Hanover Fire Ins. Co.*, 81 N. Y. 41.) The granting of an extra allowance in the decree against the defendant Post in the Tyson case of $1,000, in addition to costs, was unauthorized and improper. The only subject-matter involved was the personal property and Mr. Post's right to have and retain it as personal. (*Connaughty* v. *Saratoga Bank*, 92 N. Y. 501; 63 N. Y. 176; *People* v. *Albany and Susquehanna R. R. Co.* 5 Lans. 35; *O. and L. C. R. R. Co.* v. *Vermont C. R. R. Co.* 63 N. Y. 176; *Weaver* v. *Ely*, 83 N. Y. 89; *Struthers* v. *Pearce*, 53 N. Y. 365; *Atlantic Dock Co.* v. *Libby*, 45 N. Y. 498; *Latimore* v. *Livermore*, 72 N. Y. 174.)

ANDREWS, J. The question whether the defendant Post acquired title to the plant and machinery of the marine railways embraced in the plaintiffs' mortgage, as security for the $6,200 paid by him to the plaintiffs at the request of Carroll,

to enable the latter to complete the first payment on the contract with the plaintiffs for the purchase of the land, does not depend upon the character of the property, whether real or personal, when placed upon the mortgaged premises. There can be little doubt, however, that the machinery, shafting, rollers and other articles became as between vendor and vendee, and mortgagor and mortgagee, fixtures and a part of the realty. (*McRae* v. *Central Nat. B'k*, 66 N. Y. 489.) But, as by agreement, for the purpose of protecting the rights of vendors of personalty, or of creditors, chattels may retain their character as chattels, notwithstanding their annexation to the land in such a way as in the absence of an agreement would constitute them fixtures (*Ford* v. *Cobb*, 20 N. Y. 344; *Sisson* v. *Hibbard*, 75 id. 542), so, also, it would seem to follow, that by convention, the owner of land may reimpress the character of personalty on chattels, which, by annexation to the land, have become fixtures according to the ordinary rule of law, provided only that they have not been so incorporated as to lose their identity and the reconversion does not interfere with the rights of creditors or third persons. The plant and machinery in question were personal property when placed on the land, and the only issue presented is, did the plaintiffs agree with Post that he might take the title to the plant and machinery for his security, free of the mortgage, and remove them at any time from the mortgaged premises, thereby reimpressing the property with the character of personalty. In determining this question it does not seem to us to be very material to inquire whether the deed from the plaintiffs to Cooney (the nominee of Carroll), and the mortgage back embraced, or was intended to embrace, the plant and machinery. Post was not a party to the instruments and is not concluded by them. The rights of Post depend wholly upon his agreement with the plaintiffs, and if they received his money upon the agreement that he should have the plant and machinery, with the right to remove them without restriction as to time, the agreement was valid although by parol, and even if it contradicts the legal import of the mortgage, it being an

agreement between different parties, it is not within the rule which forbids parol evidence to contradict a written instrument. The only point of disagreement between the parties relates to a restriction alleged to have been placed on the time within which Post should exercise the right of removal. The plaintiffs concede that the right of removal was given to Post, but they allege that it was subject to the limitation that the right should be exercised before any proceedings were taken to foreclose the mortgage. The defendant on the other hand claims that the right was unrestricted and absolute. The paper executed by the plaintiffs on the closing of the transaction contains the restriction claimed by the plaintiffs. But we think the evidence sustains the contention of the defendant, that the paper was not delivered to or accepted by him, and that he had no knowledge of its contents. The question of fact, therefore, depends upon the other evidence bearing upon the actual agreement. It would not be useful to state the evidence in detail. It is sufficient to say that after a careful examination of the testimony, we have reached the conclusion that the claim of the defendant is most consistent with the conceded facts and is supported by a preponderance of evidence.

The orders of the General Term should, therefore, be affirmed, and judgments absolute directed in accordance with the stipulations.

All concur.

Judgments accordingly.