SIGMUND ASHER, Respondent, *v.* DANIEL H. DEYOE, as Sheriff of Saratoga County, Appellant.

*Sale induced by fraud — ownership of the property sold — who is a bona fide holder — property of one person taken on an attachment against another — remedy — objection to the form of an action — when too late.*

When a vendee obtains possession of the property sold, by fraud and misrepresentation, and with the intention of not paying for the same, but of cheating and defrauding the vendor out of his property therein, the title to the property is not changed, and the vendor can retake the same from any one not a *bona fide* purchaser; a bank which takes a mortgage upon such property to secure a pre-existent indebtedness is not such a *bona fide* purchaser, and such mortgage gives it no right to hold the property against the owner thereof, who has been deprived of the possession of the same by fraud.

Where the property of a person is seized by virtue of a warrant of attachment against another, his remedy is by an action for conversion and not by a replevin suit.

The defendant in an action, upon an appeal from a judgment rendered against him therein, should not be permitted, when the case has been tried upon another theory, to avail himself of an objection to the form of the action raised for the first time on the appeal, but must be considered to have waived such objection.

APPEAL by the defendant, Daniel H. Deyoe, as sheriff of the county of Saratoga, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 30th day of January, 1893, upon the verdict of a jury rendered after a trial at the Saratoga Circuit, and also from an order entered in said clerk's office on the 1st day of March, 1893, denying the defendant's motion for a new trial made upon the minutes.

*T. F. Hamilton*, for the appellant.

*J. L. Henning*, for the respondent.

HERRICK, J. :

This is an appeal from a judgment against the defendant awarding to the plaintiff possession of certain tobacco, and in case the same is not delivered to the plaintiff, directing that the plaintiff recover of the defendant the sum of $551.50, the value of said property, and also the sum of forty-four dollars and twenty cents damages for the detention thereof.

It appears that the plaintiff sold the tobacco in question to one Metzner, about the 1st of July, 1891, on a credit of four months. About September 23, 1891, certain creditors of Metzner, claiming that he was removing and disposing of his property with the intent to defraud his creditors, obtained an attachment against Metzner's property; under such attachment, the defendant, as sheriff, levied upon the property of said Metzner, seizing as a part of the same the tobacco in question in this action.

The plaintiff brought his action in replevin against the sheriff to obtain possession of the tobacco, alleging that the same was obtained from him by false and fraudulent representations and statements made by Metzner as to his financial condition, and that the said tobacco was purchased by Metzner with the intent not to pay for the same, and with the intent to defraud and cheat the plaintiff out of his property; and that upon the discovery of such fraud, he, the plaintiff, disaffirmed the sale, and made a demand upon the sheriff for said tobacco in the sheriff's possession.

The property was replevined from the sheriff by the coroner; the plaintiffs, in the attachment proceedings, executed and delivered to the coroner a proper undertaking for that purpose, which was approved by the coroner, and the tobacco returned to the possession of the defendant in the present action, the sheriff.

Upon the trial, evidence was submitted by the plaintiff of the false and fraudulent representations made by Metzner at the time of the sale of the tobacco, and by which the plaintiff was induced to make such sale, and the jury, by their verdict, have found that issue in favor of the plaintiff, and there was evidence to justify such finding; and for the purposes of this appeal it may be taken as established that Metzner, by false and fraudulent representations, induced the plaintiff to part with the possession of the tobacco in question, with the intent not to pay for the same, and with the intent to cheat and defraud the plaintiff out of his property therein.

The action was commenced on the 23d of September, 1891. On the 19th of September, 1891, Metzner gave a chattel mortgage on the tobacco in question to the First National Bank of Saratoga Springs, to secure the payment of certain notes then held by the bank, to the amount of $1,237, Metzner being the maker of one of the notes, and the indorser upon four others. There was no agree-

ment that by the giving of the chattel mortgage such notes should be delivered up to Metzner, nor were they in fact delivered to him at that time; the next day, however, after the giving of the chattel mortgage, the bank gave Metzner such notes, and took Metzner's own note in lieu thereof.

At the time of the giving of the chattel mortgage the bank did not advance or give anything to Metzner therefor, and in his testimony Metzner says, "I gave the mortgage for the sole purpose of securing the notes then held by the bank, upon which I was liable as either maker or indorser."

At the close of the plaintiff's case the defendant moved for a dismissal of the complaint upon the ground that it "affirmatively appears by the proof that the legal title to the goods in question is in the First National Bank of Saratoga Springs, and that upon plaintiff's own proof he cannot recover in the action."

This motion was denied, and again at the close of the whole case; "the defendant's counsel asked to go to the jury upon the question whether or not by the terms of the agreement under which the mortgage was received by the bank, the five notes surrendered and the note of Metzner taken therefor, were not transactions by which the bank surrendered valid security and became a *bona fide* holder of the mortgage for value."

This request was denied. I can see no reason for a reversal of the judgment in this case.

Metzner having obtained possession of the property by fraud and misrepresention, and with the intent not to pay for the same, but with the intent to cheat and defrand the plaintiff out of his property therein, the title to the property was not changed, and the plaintiff could retake the same from any one not a *bona fide* purchaser. (*Hotchkin* v. *T. N. Bank*, 127 N. Y. 329–338; *Devoe* v. *Brandt*, 53 id. 462.)

The bank does not stand in the position of a *bona fide* purchaser; it did not give anything for the mortgage, and the debt that the mortgage was executed to secure was a pre-existing one, and the mortgage executed as security therefor gave it no right to hold the property as against the owner who had been deprived of the possession thereof by fraud. (*Barnard* v. *Campbell*, 58 N. Y. 73; *Nat. B. & D. Bank* v. *Hubbell*, 117 id. 384–398.)

No question is raised upon this appeal as to the fact that the plaintiff within a reasonable time after the discovery of the fraud upon him commenced proceedings to recover his property. Neither is there any question raised as to a proper demand having been made by him for the possession thereof. The appellant does, however, raise the question that such property having been seized under an attachment, the same was in the custody of the law, and that the plaintiff has mistaken his remedy; that his action, if any, should have been for conversion, and not for replevin, and cites the case of *Wise* v. *Grant* (140 N. Y. 593) to sustain his contention; the case cited is in point, and if it were not for other considerations I would feel constrained to hold that the judgment should be reversed, but the question so presented is raised for the first time in this case on appeal; it was not suggested in the court below; the case was there tried upon the question as to whether there had in fact been any fraudulent action on the part of Metzner towards the plaintiff, and as to whether the bank under this chattel mortgage had a title to the property, and, as we have seen, the only question raised by the defendant upon the motion for a nonsuit at the close of the plaintiff's testimony was that arising under the chattel mortgage to the plaintiff, and the only question upon which the defendant requested to go to the jury was that arising out of the same chattel mortgage; under such circumstances, I do not think the defendant should be permitted to avail himself of an objection to the form of the action now raised for the first time. Having tried the case upon another theory he must be considered to have waived that objection; to hold to the contrary would be justifying a practice which is misleading to the trial courts and an injustice to the parties. (*Salisbury* v. *Howe*, 87 N. Y. 128; *O'Neill* v. *N. Y., O. & W. R. Co.*, 115 id. 579–584.)

The judgment should be affirmed, with costs.

MAYHAM, P. J., concurred; PUTNAM, J., not acting.

Judgment affirmed, with costs.