(9 Misc. Rep. 475.)

### LANGE v. PISCH.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

SALE—WHEN TITLE PASSES.
      Where chattels are sold on the express terms of cash on delivery, and the buyer, without paying therefor receives them, no title passes.

Appeal from seventh district court.

Action by Louise Lange against Francis L. Pisch for conversion. There was a judgment in favor of defendant, rendered by the justice, without a jury, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Byram L. Winters, for appellant.

Charles Meyers, for respondent.

BISCHOFF, J.     Defendant sold and delivered to one Mack certain lamps, the chattels in suit, which were by the latter affixed to the premises held by him under a lease from the plaintiff.     Mack was subsequently dispossessed from the premises, and thereafter died; no payment for the chattels having been made by him to defendant, and no demand for such payment having been made by defendant at any time of the representatives of the deceased.     Defendant instituted an action for replevin of the chattels against the son of the plaintiff herein, and, at the commencement of such action, obtained possession of the lamps through seizure by a marshal.     The replevin action was then discontinued upon this defendant's motion, and suit is now brought for conversion of such chattels.     The justice below rendered judgment in favor of the defendant, and upon this appeal but two questions are raised by counsel:     First, were these chattels to be viewed as fixtures of a character which precluded their removal from the freehold?     And, second, had title passed from defendant to Mack upon the sale referred to?     The question whether or not these lamps were "fixtures" is not to arise between the parties to this action if the title to the chattels was actually in defendant (Tyson v. Post, 108 N. Y. 217, 221, 15 N. E. 316); and it becomes merely a question whether or not title had passed from defendant to Mack when the goods were delivered by the former to the latter.     It would appear that plaintiff's possession of the chattels was in this case sufficient to form the basis of an action for conversion, and inquiry is to be directed towards the sufficiency of defendant's evidence to establish the defense of title. In support of this defense, defendant gave evidence showing that the sale to Mack had been upon express terms of cash on delivery, and it thus appears that the legal title to the chattels was not transferred upon the delivery, no payment having been made by the vendee, and the condition appearing in no way to have been waived by the vendor.     Founding Co. v. Grant, 114 N. Y. 40, 21 N. E. 49.     The justice having credited defendant's testimony in this regard, the judgment must be held to rest upon sufficient evidence.     The exceptions taken by appellant to rulings upon the trial are not relied upon nor discussed by counsel in support of the appeal, and therefore have not been made the subject of consideration.     The judgment is affirmed, with costs.