(15 Misc. Rep. 169.)

## DUFFUS v. HOWARD FURNACE CO.

(Onondaga County Court.   December, 1895.)

1. CONDITIONAL SALE—FIXTURES—RIGHTS OF MORTGAGEE.

Under Laws 1884, c. 315, § 1, declaring that a conditional sale shall be void as to bona fide mortgagees unless the contract of sale is filed, a fur-

nace placed in a dwelling house under a conditional contract of sale to the mortgagor passes under the mortgage, where the contract of sale was not filed.

2. SAME—BONA FIDE MORTGAGEE.
    Where a mortgage is given for a pre-existing debt without any new consideration, the mortgagee is not within Laws 1884, c. 315, § 1, declaring conditional sales void as to mortgagees in good faith unless the contract of sale was filed.

Appeal from municipal court of Syracuse.

Action by William Duffus against the Howard Furnace Company. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Walter S. MacGregor, for appellant.
Ceylon H. Lewis, for respondent.

ROSS, J.    Action brought by the plaintiff and appellant for the conversion of what is known as a portable furnace.    The defendant, on October 8, 1891, sold one Schafer the furnace in question, specifying in the contract of sale, with other things, that the furnace, together with all material furnished by the first party, shall remain the property of the first party until the contract price below named is fully paid.    The furnace in question was placed upon the premises of Schafer on the 8th and set up on the 9th of December, 1891.    Schafer and wife executed to plaintiff a mortgage upon the premises in question on December 7, 1891, and a subsequent mortgage on May 6, 1892, and the plaintiff became the purchaser of the premises upon the foreclosure of the mortgages in evidence; and, the defendant having removed the furnace before the foreclosure sale, the plaintiff brings this action upon the theory that the furnace was a part of the realty, and not a chattel which the defendant had the right to remove.

The case seems to have been tried upon the theory that, in a proper case, trover will lie by the owner of real property against one who has wrongfully severed a portion thereof.    This is probably correct, both upon the theory that the plaintiff may waive a portion or all of the tort, and also that the defendant will be estopped from saying that what he has treated as personal property is real property.    Riley v. Power Co., 11 Cush. 11; Wadleigh v. Janvrin, 41 N. H. 503, 520.    It was contended by the plaintiff, and I think correctly, that in a proper case a mortgagee who purchases upon a foreclosure sale of the mortgaged premises can maintain an action for fixtures wrongfully removed while he was in possession of the premises.    Laflin v. Griffiths, 35 Barb. 58.    The recent decision of the general term in this department in Pratt v. Baker, 36 N. Y. Supp. 928, determines that a furnace in all respects similar to the one in suit is, in the absence of any special circumstances except those arising from the nature of the property, its purpose, and method of annexation to the freehold, as between vendor and vendee, mortgagor and mortgagee, a part of the realty.    In this case the clause in the contract for the purchase of the furnace in question, whereby it was provided that the title to the furnace remained

in the defendant until paid for, is invoked on the part of the defendant as showing conclusively that the intention of the party making the annexation was that the furnace should remain personal property. It is contended by the plaintiff that the contract of sale, not having been filed as provided by chapter 315 of the Laws of 1884, and the acts amendatory thereto, is absolutely void as to the plaintiff. The provisions of the act in question are substantially the same as the provisions in reference to filing chattel mortgages (compare section 1, c. 279, Laws 1833, with section 1, c. 315, Laws 1884), except that the provision of the latter act does not extend to the creditors of the mortgagor. The effect of the act of 1884 was to change the rule existing prior thereto as to the title to personal property delivered upon a conditional sale to the vendee remaining in the vendor until the happening of the condition unless the contract was filed as therein provided; and I think that by the omission to file the contract in question, as against a mortgagee or purchaser in good faith, the title to the furnace did not remain in the vendor. Machine Co. v. Stewart, 57 Hun, 545, 551, 552, 11 N. Y. Supp. 448. And if the plaintiff was a mortgagee in good faith, he took a good title to the furnace in question. Fryatt v. Sullivan Co., 5 Hill, 116, affirmed 7 Hill, 529. The bill of sale was, however, properly admitted in evidence, not as substantive evidence of property, but to show the actual transaction between the original parties, subject, however, to be stricken out if the plaintiff was not connected with it, either by showing that his mortgages were taken for pre-existing debts without any new consideration, or that he had actual notice of the defendant's claim. A person is not a mortgagee in good faith, within the meaning of the act in question, whose mortgage was given for a pre-existing debt without any new consideration. Jones v. Graham, 77 N. Y. 628; Thompson v. Van Vechten, 27 N. Y. 568, 580; De Lancey v. Stearns, 66 N. Y. 157; Asher v. Deyoe, 77 Hun, 533, 28 N. Y. Supp. 890.

I think the evidence shows that the plaintiff was a purchaser for value, but the question still remains whether he had actual notice of the defendant's claim. Gregory v. Thomas, 20 Wend. 19,—in which the court, Cowen, J., says: "The object of the statute here is that of all the other registry acts, to prevent imposition upon subsequent purchasers and mortgagees. * * * When everything is actually explained to them, they have the best kind of notice." Sanger v. Eastwood, 19 Wend. 514; Hill v. Beebe, 13 N. Y. 565. The evidence upon the question of actual notice is meager. It appears from the evidence of the plaintiff that in the fall of 1891 he knew that the defendant was putting a furnace in the cellar of the house in question; that he saw it a dozen times after he got possession of the house; that he asked Schafer if it had been paid for (the answer of Schafer does not appear); that he saw it directly after it was put in. If I am not mistaken, the foregoing is all the evidence upon the subject of notice to plaintiff, and amounts, in brief, that he saw the furnace in the house, and knew that it was put in by the defendant. I think this is insufficient to justify a finding of knowledge. I am more inclined to hold that the evidence is insufficient to

show actual notice from the fact that, in the opinion of Judge Cady, before whom the case was tried, it appears he did not consider this branch of this complicated case, but, on the contrary, seems to have rendered judgment solely upon the question of the intent of the defendant in making the annexation.    The cases of Tyson v. Post, 108 N. Y. 217, 15 N. E. 316, and McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, cited by the respondent's attorney, recognize the right of the owner of premises to impress upon a chattel the character of personal property, with the limitation that it does not interfere with the rights of the creditors of third persons.    The question in this case is not as to the right of the defendant to impress the character of personal property upon the furnace in question, but whether by a valid agreement it has succeeded in so doing.    In the case of Tifft v. Horton, 53 N. Y. 377, there was an express agreement that the chattels in question should remain personal property, notwithstanding the manner of annexation to the freehold, and also a valid chattel mortgage to secure the purchase price.    In this case the defendant claims under an instrument that is absolutely void for all purposes, as to the plaintiff, if he comes within the protection of the statute.    The only facts that remain, after striking out the instrument in question, are the fact of annexation, and the nature and purpose of the chattel.

Judgment must be reversed.