(37 Misc. Rep. 179.)

## In re DAVENPORT.

(Surrogate's Court, Kings County. February, 1902.)

1. SURROGATE'S COURT—JURISDICTION.
　　The surrogate's court has power, as condition for opening the report of a referee, to limit the party objecting as to time in the matter of examining and cross-examining the witnesses to appear before the referee.

2. SAME—ANTENUPTIAL AGREEMENT—CONSTRUCTION.
　　Though the surrogate's court has no power to construe a will or an antenuptial agreement, where it is necessary to determine such rights it may construe an antenuptial agreement.

3. SAME—TESTIMONY BEFORE REFEREE.
　　Where attorneys stipulate that a referee appointed by a surrogate of K. county may take testimony either in that county or in another county, an order entered thereon cannot subsequently be attacked by a party appearing before the referee in such other county and participating in the proceedings had there on the ground of want of jurisdiction.

In the matter of the accounting of William B. Davenport as administrator of Eliza T. White, deceased. Motion to vacate an order setting aside the report of a referee and referring the accounts to another referee. Denied.

Charles H. Otis, for administrator Wm. B. Davenport.
George S. Ingraham for Long Island Loan & Trust Co., guardian, etc.
Charles H. Hyde, special guardian for F. H. White.
Josiah J. White (Alfred R. Page, of counsel), in person.

CHURCH, S. This is a motion to vacate an order of this court dated October 21, 1901, to set aside the report of a referee and refer the account to another referee. The various steps in this proceeding are somewhat complicated, and, in order to clearly appreciate the questions involved, a brief statement of the situation will be given. It appears that the administrator herein filed an intermediate account of his proceedings on December 2, 1898. Objections were made thereto by Josiah J. White, and an order was duly made referring

such account and objections to the Honorable Augustus Van Wyck to hear and determine. The first hearing was had before Judge Van Wyck in Brooklyn on February 25, 1899, the various parties appearing by counsel. Josiah J. White on that occasion was represented in his individual capacity by Mr. M. B. Hatch, and in his capacity as guardian by Mr. George A. Noll. Delano C. Calvin, Esq., was counsel for both of these gentlemen, representing Mr. White's interests. At the conclusion of the session of the reference a stipulation was entered upon the minutes by all of the counsel for the respective parties, agreeing that the order of reference be modified so as to permit hearings to be held either in New York or Brooklyn, to suit the convenience of counsel; and further hearing was adjourned to Saturday, March 4, 1899, at the office of the referee in New York City. Before the next session of the reference a written stipulation was duly drawn up and signed by the various attorneys to the proceedings, including the attorneys representing Mr. White, upon which stipulation an order was duly entered in this court expressly providing that such reference might proceed either in New York or Brooklyn. On that day Mr. White appeared, represented by the same counsel as before. It appears that there was some protest about Judge Van Wyck sitting on the ground that he was disqualified. That was disposed of, however, and the reference proceeded without any objection by Mr. White or his counsel to its proceeding in New York City. From that time on the reference proceeded on many occasions, and a vast amount of evidence was taken. The counsel who represented Mr. White at the commencement of the proceedings continued in the case but a short time, and during the bulk of the proceedings it is apparent that Mr. White appeared in his own behalf. Upwards of 2,000 pages of testimony appear to have been taken, and a very wide range was permitted to the scope of this examination. On November 2, 1899, for the first time, Mr. White objected to the hearing in New York City. The referee finally made his report herein on July 26, 1901. In September the said Josiah J. White obtained an order to show cause why such report should not be vacated and set aside, and the account referred to another referee, or sent back to the said referee and the hearing in the matter be reopened. On October 21, 1901, an order was duly entered herein in this court granting the said motion of the said Josiah J. White to open said report and sending the same back to the referee for further hearing. Such motion was granted upon condition, however, by limiting the time of the said Josiah J. White in his cross-examination and direct examination of the witnesses. On the hearing of such motion the said Josiah J. White made further objections to the report of the referee: First, on the ground that the hearings in New York City were held without the jurisdiction of the court, and were, therefore, a nullity; and, second, that the court had no jurisdiction to pass upon the validity of an antenuptial agreement. The court, however, held that these two objections were premature, and should be reserved until the coming in of the report. Notwithstanding this order granting the

motion of the said Josiah J. White, he makes the present motion to vacate the order which was so obtained by him.

The party aggrieved by the decision of a motion has the remedy of an appeal therefrom; otherwise the decision is binding. But this case is in the novel situation that there was no decision adverse to Mr. White. His motion for a rehearing was granted, and he was not defeated on the question relative to the jurisdiction of the court either from the hearings having proceeded in New York City or in regard to the antenuptial agreement, as the consideration of the same was only postponed. I might well, therefore, deny this motion on the ground that it has been fully covered by the previous motion in October. As I have, however, been compelled to hear the entire motion and the various questions of law involved, and as they will unquestionably come before me later in connection with the referee's report, I will consider such questions, and make an adjudication which I trust will be regarded by the parties as final, so far as this court is concerned. The objections of Mr. White will be considered in the inverse order to which he presents the same.

1. Mr. White contends that the court, in the order of October 21st, had no power to limit his time on the rehearing before the referee. That the court had the power, as a condition in opening a matter of this kind, to limit the time that could be consumed by a party, is unquestioned; the granting of the motion being in the nature of a favor. The present motion papers do not disclose any specific facts showing that this time so limited was unreasonable or improper, nor is there any direct explanation showing what time Mr. White will require on the rehearing. It is true that it is stated in general terms that a great deal of time will be consumed, and that the direct examination of one witness will consume 10 hours; but this is stated in too indefinite a manner to show in any way that the decision of the surrogate in imposing this condition was improper or any hardship to Mr. White.

2. It is contended that the referee had no power to pass upon the validity of an antenuptial agreement or the questions arising thereunder. That the surrogate's court does not possess jurisdiction in a direct suit to construe the terms of a will or to construe a paper such as this antenuptial agreement may be conceded, but, in deciding the respective rights and properties of parties before it, it must necessarily in many instances pass upon the character of the title derived by such persons; and if, in so doing, there appear to be documents before it, then it is necessary to determine whether under such documents the persons are properly vested with the title to the property in question. The decisions which have been quoted by the moving party in his brief do not seem to bear upon this branch of the question in any way. On the other hand, in Re Young's Estate, 92 N. Y. 235, the rights of a party under an antenuptial agreement were before the court, and it was expressly held by the court of appeals that the surrogate's court, under such circumstances, had power to inquire into the rights of the party under the antenuptial contract.

3. The hearings before the referee in New York county were not null and void, as contended by the moving party. The facts in relation to this transaction have been set forth as above. While, under the decisions of the United States courts, it has been held that, if the court is without jurisdiction, no act of the parties can operate to acquire jurisdiction or make the proceedings before it legal, yet a different rule seems to prevail in our state courts, and they have always gone upon the principle that, if a party submitted himself to the jurisdiction of the court, he could not, at some later time, endeavor to assert the invalidity of the jurisdiction, and thus practically take advantage of his own wrong; so that, even if this was a proceeding beyond the jurisdiction of the court, it seems to me that the contestant, White, is estopped from asserting that question here. But, as I regard the question, it is a mere irregularity, as it does not go to the jurisdiction of the referee in the proceeding, and no one has been injured thereby. The case of Bonner v. McPhail, 31 Barb. 106, is not in point with the case in question, and was simply a decision of the general term of the city court. In the case of Blake v. Manufacturing Co., 77 N. Y. 626, the court of appeals has expressly held that, where the parties consented to a referee holding hearings beyond the jurisdiction of the court, the proceedings were legal.

Mr. White makes an allegation in his answering papers that his attorney, Mr. Hatch, did not sign this consent. This allegation is not corroborated by any affidavit of the said attorney, and the fact that Mr. White proceeded before the referee in New York City until November 2, 1899, without in any way objecting to the referee so proceeding, and then only claimed that the hearing was illegal, and not that no consent had been given, effectually disposes of this contention of Mr. White. It also appears that at this time the referee advised Mr. White that, if he desired to avail himself of this point, he should move before the court to have the order modified. This proceeding Mr. White never took until the motion of September, 1901, after the referee had reported adversely to him. It appears that Mr. White assented without demur to the matter proceeding in New York. It appears that he was present at the hearings in New York City, and took part in the same; that he raised frivolous objections in regard to the hearings proceeding, none of which involved this question, until after the reference had proceeded for a number of days, and the referee had set the same down peremptorily, with the statement he would sit all day, when for the first time Mr. White suggested that the matter should not proceed in New York City. The motion is therefore denied, and the preliminary stay heretofore obtained herein is vacated and set aside.

Motion denied, and preliminary stay vacated and set aside.