to testify that he had made no such bargain as O'Brien had testified he did would be in direct violation of the provisions of the Code prohibiting a living party from testifying to transactions had with a deceased person whose representatives are seeking to enforce an obligation against him. If O'Brien's contract was not connected with that of the deceased, then the testimony excluded was immaterial. If it was material, then it involved the contract made with the deceased, and defendant's testimony was properly excluded.

With respect to the so-called "I. O. U.'s" I do not think any error was committed in excluding them. The ground upon which the defendant's counsel claimed they were admissible, and that they proved his counterclaim, was that they were negotiable instruments. They were clearly not of such a character, and he should be held to the ground he took upon the trial with respect to them.

I think the judgment was right, and that no reversible error was committed.

(112 App. Div. 195)

In re DWYER.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

ADMINISTRATORS—ACCOUNTING—TRUST FUNDS.

> Intestate deposited certain funds in a bank to the credit of himself, in trust for S. He, however, drew out the accrued interest yearly and retained the bank book in his possession. S. died before the intestate. Accountant, having been appointed administrator of both her estate and that of intestate, withdrew the fund from the bank as intestate's administrator. *Held* that, accountant having received the fund as administrator of intestate, he was bound to account therefor to his successor as such administrator, leaving the ownership of the fund for determination on final accounting, as provided by Code Civ. Proc. § 2731.

Appeal from Surrogate's Court, New York County.

Judicial accounting by James A. Dwyer, as administrator of the estate of Patrick Sheedy, deceased. From a surrogate's decree settling the accounts, the administrator appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Leonidas Dennis, for appellant United States Fidelity & Guaranty Co.
Edward J. McGuire, for appellant Garveys.
Charles Goldzier, for respondent.

INGRAHAM, J. One Patrick Sheedy died intestate, and letters of administration upon his estate were issued to James A. Dwyer on the 22d day of January, 1903, by the surrogate of the county of New York. On the 27th day of June, 1903, these letters were revoked by the surrogate, and letters of administration were issued to Michael J. Clifford. In August, 1903, Clifford commenced proceedings to compel Dwyer to account, and on the 3d day of December, 1903, a decree of the surrogate was entered granting that application. Subsequently the administrator filed his accounts, to which objections were filed, whereupon the surrogate sent the account to a referee to hear and determine all questions arising upon the settlement thereof. The referee reported,

settling the accounts. He found that there was a balance of $34,324.-
44 in the hands of the administrator. To this report the administrator
filed exceptions, and, these exceptions coming on to be heard, the surro-
gate modified the report by charging the accounting administrator with
the sum of $3,105 deposited in the Bowery Savings Bank to the credit
of Patrick Sheedy, in trust for Johanna Sheedy, and in other particu-
lars, by which it appeared that there was a balance in the hands of the
accounting administrator of $41,181.65; and from that decree the ac-
counting administrator appeals.

The question raised upon this appeal relates solely to charging the
accounting administrator with the sum of $3,105 deposited in the
Bowery Savings Bank to the credit of Patrick Sheedy, in trust for
Johanna Sheedy. It appeared that on February 13, 1890, the intestate
deposited in the Bowery Savings Bank the sum of $3,000 in his own
name, in trust for Johanna Sheedy. In each year after this deposit
the intestate drew out the interest of this amount down to February
6, 1902, the total drafts for that period amounting to $1,410, and there
was credited upon that account during that period this exact amount
as interest, so that down to January 1902, all the interest on this account
had been withdrawn by the plaintiff's intestate. In January, 1903, there
was credited as interest for that year the sum of $105, which, with the
amount of deposit, made $3,105. On January 28, 1903, this amount
was withdrawn from the bank by drafts signed by James A. Dwyer, as
administrator, and the account closed. The money thus withdrawn
seems to have been redeposited in the bank in an account in the name
of James A. Dwyer personally. Dwyer withdrew from this account
on February 9, 1903, $605, and on February 26, 1903, $1,500, and sub-
sequently withdrew the balance of the account, and the account was
closed. It was then admitted that Johanna Dwyer, formerly Johanna
Sheedy, died on the 3d of August, 1898, before the death of Patrick
Sheedy, and that letters of administration were issued out of the Surro-
gate's Court to James A. Dwyer, as administrator of the goods, chattels,
and credits of Johanna Dwyer, formerly Johanna Sheedy, deceased, on
the 22d day of October, 1903; that he qualified as such administrator,
and was at the hearing duly qualified, appointed, and was acting as
administrator of that estate. It was further conceded that the bank
book of the Bowery Savings Bank showing this account was found
among the effects of Patrick Sheedy after his death; that the accounting
administrator did not know of the existence of the bank book until it
was found after the death of the decedent, and did not know of any ac-
count in trust for Johanna Dwyer, or Johanna Sheedy; that the said
Johanna Dwyer was the mother of the accounting administrator and
the sister of Patrick Sheedy; that the intestate was well acquainted with
his sister, and was in the habit of visiting her after she became a widow;
and that they were on friendly terms up to the time of her death.

The referee found as a conclusion of law that the funds, money, and
accounts remaining on deposit in the Bowery Savings Bank at the time
of the death of the decedent in the name and form of Patrick Sheedy,
in trust for Johanna Sheedy, "were and are a trust fund, and moneys
subject to a valid trust in favor of said Johanna Sheedy, her adminis-
trators, heirs, and next of kin, and were and are not property or assets

of the estate of Patrick Sheedy, deceased, and said James A. Dwyer, as administrator of his estate, is not required to account for the same herein." This conclusion of law was excepted to by the substituted administrator, and was disapproved of by the surrogate, and he held that the right of the representative of Johanna Sheedy, afterwards Johanna Dwyer, to this fund, was not at issue in this accounting, and that no adjudication would now be made as to the ownership of that fund, but that it should be included in the amount received by the accounting administrator and passed over to his successor, so that any person interested could commence proper proceedings to determine its ownership. With this view we concur.

The deposit was made under circumstances which at least raise the question whether an irrevocable trust was created in favor of the intestate's sister, at one time know as Johanna Sheedy, but for many years prior to this deposit known as Johanna Dwyer. The accounting administrator had collected this fund as administrator of Patrick Sheedy. It was in his hands as part of the estate for which he was accountable. If he, as administrator of Johanna Dwyer, had made a claim to this fund, he being at the same time administrator of Patrick Sheedy, it could not be determined by his simply abstracting the fund that he collected as administrator of Patrick Sheedy. The letters of administration having been revoked, he was bound to account for all the property that came into his hands as administrator, and the question as to the ownership of the funds thus received was to be determined upon the final accounting. Section 2731, Code Civ. Proc. We think, therefore, that the surrogate was clearly right in holding the former administrator accountable to his successor for the amount of moneys collected from the Bowery Savings Bank as administrator of Patrick Sheedy, leaving it to the court to determine in a proper proceeding to whom this amount should ultimately be distributed.

As this is the only question presented upon this appeal, the conclusion follows that the decree of the surrogate should be affirmed, with costs against the accounting administrator personally. All concur.