1. CHATTEL MORTGAGES (§ 194*)—NECESSITY FOR FILING.
     Unfiled chattel mortgages are void as to simple contract creditors as well as to judgment creditors of the mortgagor, and, though the property has been sold under foreclosure, yet, when a creditor has secured judgment and put himself in a position to have a lien upon the property, he may treat any transfer and foreclosure as nullities, and maintain proper proceedings for satisfaction of his claim, and where by a mortgage upon a knitting mill plant, covering the realty and certain machinery and tools used in connection therewith, given to secure the mortgagee, who, as indorser of notes of the mortgagor had taken them up, it was expressly agreed that the chattels should be a part of the realty, and at the time of the execution of the mortgage, which was recorded but never filed as a chattel mortgage, the mortgagor had simple contract creditors, and the mortgagee was appointed as administrator upon his death, and, upon foreclosure of the mortgage, an employé of the mortgagee bid the property in, and assigned the bid and all the property to the mortgagee individually, no title to the personal property which had remained in the mill in the possession of the administrator passed to the administrator and mortgagee individually, but he must account therefor as part of the estate.
     [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 426, 427; Dec. Dig. § 194.*]

2. CHATTEL MORTGAGES (§ 194*)—FILING—RIGHTS AND LIABILITIES OF PARTIES—AGREEMENT AS TO NATURE OF MORTGAGED PROPERTY.
     While a mortgagor and mortgagee may agree between themselves whether the mortgaged property shall be considered as real or personal, so far as it affects their personal interests, they cannot by their agreement alter the nature of the property to affect the rights of other persons, and render nugatory the provisions of law relating to filing of such mortgages for protection of other creditors and interested persons.
     [Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 194.*]

3. COURTS (§ 200½*)—JURISDICTION—SURROGATE'S COURT—DETERMINATION OF OWNERSHIP OF PROPERTY.
     Under Code Civ. Proc. § 2731, providing that on the judicial settlement of the accounts of an administrator, where a contest arises between the administrator and any other party affecting property alleged to belong to the estate, but which the administrator lays claim to individually, the contest must be determined the same as any other issue arising in the Surrogate's Court, such court has jurisdiction to determine the ownership of personalty claimed by the administrator individually as chattel mortgagee of decedent and claimed for the estate by creditors of decedent because of the invalidity of the mortgage.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. § 479; Dec. Dig. § 200½.*]

---

Judicial settlement of the account of Samuel L. Munson, administrator of Edward G. Munson, deceased, to which Emma A. Brewster and others filed objections, seeking to charge the administrator with property claimed by him individually.　Objections sustained, and decree rendered.

Frederick A. Wadhams (Andrew J. Nellis, of counsel), for administrator.

Henry A. Strong (Isaiah Fellows, of counsel), for Emma A. Brewster, individually and as executrix of Mary S. Brewster, deceased, Frances M. Brewster, George W. Brewster, Mary S. Wright, and Abner J. Grippin and Charles J. Grippin, comprising the firm of Grippin & Son.

Buchanan, Lawyer & Whalen, for Horace W. Munson, sole surviving trustee for Garry Munson, deceased.

Henry S. Kahn, for Sarah E. Evers.

OSTRANDER, S.　[1] For many years prior to December, 1903, Samuel L. Munson was indorser upon the notes of Edward G. Munson.　Some years prior to this date Samuel took up the notes upon which he was indorser and held the indebtedness himself.　He also advanced other moneys to Edward, and on December 21, 1903, Edward was indebted to him for such advances in the amount of $35,800, and on that day Edward gave Samuel a mortgage covering certain real estate, consisting of a knitting factory in the village of Waterford, and also certain property consisting of machinery in said mill. This machinery was largely movable machinery, and was so lightly attached to the realty as not to be a permanent part thereof.　The mortgage, in terms, covered all the "machines, machinery and appurtenances thereto belonging, including boilers, engines, belting, shafting, gearing, water wheels, regulator, gas machines, gas, steam and water pipes, wadding machines, wadding plant, and all other machinery and fixtures, tools and appendages of every name and kind used in or connected with the said real estate and buildings and the business there carried on."　Said mortgage further provided:

"It is agreed by and between the parties to said mortgage, the said machinery, fixtures, tools and appendages are and for all purposes are to be considered inseparable fixtures and a part of the realty included in and conveyed by this mortgage."

This mortgage was recorded as a mortgage of real estate, but was never filed as a mortgage of personal property.　At the time of the execution of this mortgage, Edward was indebted to Emma A. Brewster and Mary S. Brewster in a large amount, and was also indebted to his wife in an amount of $10,000 or upwards.　Edward died November 5, 1907, and on November 20, 1907, Samuel was appointed as his administrator.

On January 21, 1908, Samuel assigned the mortgage to his wife, Susan B. Munson; the consideration recited in the assignment being one dollar and other valuable consideration.　Proceedings were instituted by Susan B. Munson for the foreclosure of the mortgage

about January 31, 1908, and on June 20, 1908, the property was sold to Eugene Doyle, who was Samuel's employé, and on the same day Mr. Doyle assigned this bid to Samuel, and the conveyance of the property, including the personal property, was made to Samuel individually thereupon. During all of this time, from the making of the mortgage to the present, the personal property remained in the mill, Samuel having taken possession of it upon his appointment as administrator and continued in possession thereafter, but he claims that from the time of said conveyance to him he holds it under the conveyance.

Subsequently to such conveyance Emma A. Brewster, individually, and also as executrix of Mary S. Brewster, deceased, and other creditors, presented claims upon the indebtedness of Edward to them, and the same, having been disputed, were referred under the statute and judgment rendered in said proceeding against Samuel as such administrator. Thereafter proceedings were taken and an account rendered by Samuel of his proceedings as such administrator. Upon such accounting Emma A. Brewster, individually and as such executrix, and others, seek to charge Samuel as such administrator with the personal property included in the said mortgage, upon the theory that said mortgage was void as to his existing creditors, including the Brewsters, for the reason that it was not filed as a chattel mortgage as required by the statute; that, the property having come to his hands, he is chargeable as administrator with the value thereof; and that the foreclosure and sale of this personal property did not vest him as an individual with any title thereto or relieve him as administrator from liability to account for it.

[2] It seems to be settled that, while the mortgagor and mortgagee may agree as between themselves whether property shall be considered as real or personal, so far as it affects their personal interests, they cannot by their agreement alter the nature of the property so as to affect the rights of other persons and so as to render nugatory the provisions of law relating to the filing of such mortgages for the protection of other creditors and persons interested. Murdock v. Gifford, 18 N. Y. 28; Hoyle v. Plattsburgh & M. R. Co., 54 N. Y. 314, 13 Am. Rep. 595; Fitzgerald v. Atlanta Home Ins. Co., 61 App. Div. 350, 70 N. Y. Supp. 552, 175 N. Y. 494, 67 N. E. 1082; Kirk v. Crystal, 118 App. Div. 32, 103 N. Y. Supp. 17; Tyson v. Post, 108 N. Y. 217, 15 N. E. 316, 2 Am. St. Rep. 409.

It is also settled that the direction of the statute avoids unfiled chattel mortgages as to simple contract creditors as well as to judgment creditors (Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073), and that, even though proceedings be had and the property sold before the creditor has acquired his judgment and power thereby to have a lien upon the property, yet, when he has secured a judgment and put himself in position to have a lien upon the property, he may treat the transfer and foreclosure proceedings as nullities and maintain the proper proceedings for the satisfaction of his claim. Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11; Russell v. St. Mart, 180 N. Y. 355, 73 N. E. 31; Tooker v. Siegel-Cooper Co., 55 Misc. Rep. 68, 106 N. Y. Supp. 277, affirmed, 194 N. Y. 442, 87 N. E. 773.

It was held in Sheldon v. Wickham, 161 N. Y. 500, 55 N. E. 1045, that an assignee for the benefit of creditors cannot, in an action to foreclose a mortgage covering both real and personal property executed by an assignor prior to the assignment, when there is no claim of fraud in the transaction, avail himself of the defense that the mortgage is void as to the personal property because not filed as a mortgage of chattels, since an unfiled chattel mortgage cannot be treated as a transfer of property in fraud of the rights of creditors, and therefore does not fall within chapter 314 of the Laws of 1858 permitting assignees, administrators, etc., to disaffirm and treat as void transfers in fraud of the rights of creditors and that such mortgages are void only as to the persons mentioned in the statute, to wit, purchasers in good faith and creditors who are armed with some legal process authorizing a seizure of the property, and that they are valid as to the mortgagors and all other persons.

The assignee does not represent a judgment creditor in his capacity as such nor in any other way than as he represents simple contract creditors, and the administrator represents creditors in the same manner. Until the creditor has put himself in the way of having a lien or process entitling him to a lien upon the property, he cannot question the validity of the mortgage.

Edward Munson died before any judgment was recovered against him, and the property passed by operation of law to the administrator. The judgments against the administrator thereafter established the claims of the Brewsters as creditors of the deceased, but do not give them any lien or entitle them to any process creating a lien upon the personal property in question, nor any preference over the other creditors of the deceased. If Samuel, as administrator, could not have pleaded the failure to file the instrument as a chattel mortgage as defense to the foreclosure proceedings, he cannot be charged with any negligence in having failed to defend this foreclosure action, and consequently he would not be chargeable with the loss of the property, unless his purchase of it makes him accountable for it.

Under the doctrine of Sheldon v. Wickham, supra, the death of Edward before the Brewsters acquired a potential lien put it out of their power to secure the lien, and thus prevented their being in a position to question the validity of this mortgage in this proceeding as matters now stand. But it was held in National Tradesmen's Bank v. Wetmore, 124 N. Y. 241, 26 N. E. 548, that relief may be had in equity where other tribunals cannot afford it, and, while the recovery of a judgment and the return of an execution issued thereon unsatisfied are essential prerequisites to the maintenance of an action in the nature of a creditor's bill under the statute, and while, as a general thing, the same rule is applied to actions in equity having in their purpose or the relief sought the nature of statutory creditors' bills, it does not extend so far as to deny to a creditor the interposition of the equity powers of the court, where the situation is such as to render it impossible for him to take those preliminary steps. So the apparent loss of remedy by the death of Edward before the Brewsters had secured any judgment could be relieved in equity.

The question whether the failure to file this instrument as a chattel mortgage may be attacked in this proceeding is perhaps a grave one. The situation is that Samuel Munson claims the property in dispute by virtue of a written instrument and proceedings for the foreclosure thereof which it is claimed vested the title in him. This title is disputed by the Brewsters attacking the validity of the instrument and subsequent proceedings to vest such title in him. It is not ordinarily the function of a Surrogate's Court to settle the validity of transfers relating to decedents' property, but such questions are peculiarly the province of courts of equity. The instrument does not provide for or look forward to a distribution of the estate, as antenuptial agreements or wills to be construed upon an accounting, which have been held within the jurisdiction of surrogates to construe; and the right of the creditor to attack it may possibly depend upon equitable considerations which are beyond the cognizance of a Surrogate's Court, such as estoppel, laches, etc. Richardson v. Root, 19 Hun, 473; Barton v. Hosner, 24 Hun, 567; Matter of Kellogg, 39 Hun, 275; Matter of Bunting, 98 App. Div. 122, 90 N. Y. Supp. 786. See, also, remarks in Matter of Raymond, 27 Hun, 512.

[3] While the jurisdiction of this court has not been settled in a case like the present one, so far as I can find, I shall hold that it has jurisdiction to determine the ownership of the personalty in question as between Samuel L. Munson and the estate, under the following authorities: Code Civ. Proc. § 2731; Boughton v. Flint, 74 N. Y. 476; Fraenznick v. Miller, 1 Dem. Sur. 136; Matter of Dwyer, 112 App. Div. 195, 98 N. Y. Supp. 329; Matter of Archer, 51 Misc. Rep. 260, 100 N. Y. Supp. 1095; Matter of Evans, 34 Misc. Rep. 37, 69 N. Y. Supp. 487; Sexton v. Sexton, 64 App. Div. 385, 72 N. Y. Supp. 213; Matter of Potter, 32 Hun, 599; Matter of Davenport, 37 Misc. Rep. 179, 74 N. Y. Supp. 940; Merchant v. Merchant, 2 Bradf. Sur. 432—and that no title thereto has passed from Edward G. Munson or his estate to Samuel L. Munson, and that the administrator should account for the same as part of the assets of the estate.

Decreed accordingly.