(33 Misc. Rep. 484.)

### GUARANTY TRUST CO. OF NEW YORK v. TROY STEEL CO.

(Supreme Court, Special Term, Albany County. December, 1900.)

1. STATUTES—AMENDMENTS—MIXED MORTGAGES—VALIDITY.

Laws 1868, c. 779, provided that mortgages by railroad companies covering both real and personal property need not be filed as chattel mortgages where they are filed as real-estate mortgages in the counties through which the railroads run. Laws 1895, c. 529, amended Laws 1868, c. 779, by omitting the words "railroad companies" and inserting "by any corporation," and providing that the mortgage shall be filed in the counties in which the real estate covered by the mortgage is situated. Held, that a mortgage executed by a corporation under the Laws of 1895, covering both real and personal property, and properly recorded, is a valid lien on the personal property covered, since the amending statute repealed the omitted words limiting the operation of the statute to railroad companies, and hence a levy of execution under a judgment against the mortgagor on personal property in the hands of a trustee under such a mortgage was voidable.

2. COUPONHOLDER—BONDS—VALIDITY—ESTOPPEL TO DENY.

Where the holder of overdue interest coupons on bonds issued by a corporation, and secured by a mortgage on its real and personal property, secures a judgment and levies an execution on the mortgaged property, which has been conveyed to a trustee under the mortgage in trust for the benefit of the bondholders, such execution will be set aside, since by bringing suit on the coupons he asserts the validity of the bonds and mortgage, and hence is estopped to deny the validity of the mortgage.

3. SAME—MORTGAGED PROPERTY—PREFERENCE.

Where the holder of overdue interest coupons on bonds issued by a corporation, and secured by a mortgage on its real and personal property, secures a judgment and levies execution on the mortgaged property, which has been conveyed to a trustee under the mortgage in trust for all the bondholders, the levy and execution will be vacated, since the couponholders and bondholders stand in equal right as to the security, and hence the couponholder will not be allowed to obtain a preference over the others.

The Guaranty Trust Company of New York was the owner of certain bonds issued by defendant, the Troy Steel Company, and secured by a mortgage of the property of defendant, both real and personal, which mortgage was properly recorded in the counties where the real estate was located. Defendant failed to pay certain of the interest coupons when they became due, and the owner transferred the coupons to Frank B. Valentine, who brought suit thereon, recovered judgment, and levied execution on personal property covered by the mortgage. Prior to the levy of execution, action had been commenced to foreclose the mortgage, and a receiver had been

appointed under the terms of the mortgage, and had taken possession of all the property mortgaged. On motion to vacate the execution. Motion granted.

E. W. Douglas, for the motion.

Thomas F. Powers and B. E. De Groot, opposed.

FURSMAN, J. The execution and the levy made thereunder must be set aside for the following reasons, among others:

Chapter 779 of the Laws of 1868 provides that it—

"shall not be necessary to file as a chattel mortgage, any mortgage which has been, or shall hereafter be, executed by any railroad company upon real and personal property, and which has been, or shall be, recorded as a mortgage of real estate in each county in, or through which the railroad runs."

In 1895 this act was amended by the omission of the words "by any railroad company." Laws 1895, c. 529. This act declares that:

"It shall not be necessary to file or refile as a chattel mortgage any mortgage creating a lien upon real and personal property which has been or shall hereafter be executed by any corporation, as security for the payment of bonds * * * where such mortgage is recorded as a mortgage of real estate in each county * * * in which the real estate of said corporation included in said mortgage is located."

In all other respects this amendatory act is, in substance and effect, the same as the act of 1868. It is true that the title of the act of 1895 is entitled "An act to amend chapter seven hundred and seventy-nine of the Laws of Eighteen Hundred and Sixty-Eight, entitled 'An act in reference to mortgages executed by railroad companies.'" There is, however, nothing ambiguous or obscure in the act itself, and it is only where there is such obscurity in the body of an act as to leave it in doubt as to the meaning and intent of the legislature that resort is had to the title for the purpose of ascertaining and determining such intent. Hadden v. Collector of Customs, 5 Wall. 107, 18 L. Ed. 518. In the case cited, Field, J., says:

"The title of an act furnishes little aid in the construction of its provisions. * * * It cannot be used to extend or to restrain any positive provisions contained in the body of the act. It is only when the meaning is doubtful that resort may be had to the title, and even then it has little weight. It is seldom the subject of special consideration by the legislature."

The language of the act of 1895 is clear and comprehensive. There is no obscurity whatever about it. The substance of the act is the same as that of 1868, except the omission above referred to. This furnishes a clear indication that it was the intent of the legislature to extend the operation of the act of 1868, therein limited to railroad corporations, to all corporations. That this is so is made even more manifest by the fact that in 1897 the provisions of the act of 1895 were incorporated into and made a part of the general lien law of the state; for by section 91, art. 8, c. 418, of the Laws of that year it is provided that:

"Mortgages creating a lien upon real and personal property, executed by a corporation as a security for the payment of bonds issued by such corporation * * * and recorded as a mortgage of real property in each county where such property is located * * * need not be filed or refiled as chattel mortgages."

This section manifestly applies to all corporations, and the act of which it is a part expressly repeals both the act of 1868 and that of 1895, and substitutes the foregoing therefor. This re-enactment, in substance, of the act of 1895, whereby the necessity of filing as a chattel mortgage a mortgage covering both real and personal property given to secure bonds of any corporation, whatever its character, is dispensed with, evidences the construction which the legislature itself placed upon its own intention in enacting the law of 1895. Moreover, it is a general rule that, where one statute amends another "so as to read as follows," it operates to repeal all of the provisions omitted from the amended law. In Re Prime, 136 N. Y. 347, 32 N. E. 1091, 18 L. R. A. 713, Chief Justice Andrews, at page 355, 136 N. Y., page 1093, 32 N. E., and page 718, 18 L. R. A., says:

"We conceive the general rule to be that, when a statute amends a former statute 'so as to read as follows,' it operates as a repeal by implication of inconsistent provisions in the former law, and of provisions omitted in the amended law."

The statute of 1895 amends that of 1868 "so as to read as follows," and therefore the rule cited applies.

The mortgage in question was executed and the bonds thereunder issued subsequent to the act of 1895, and it is clear, therefore, to my mind, that there was no legal requirement that this mortgage should be filed as a chattel mortgage. The contention of counsel for Valentine, therefore, in this respect, fails.

I have been cited to the case of State Trust Co. v. Casino Co., 5 App. Div. 381, 39 N. Y. Supp. 258, in which it is said that the appellate division in the First department is inclined to the opinion that the statute of 1895 is applicable only to railroad mortgages, but the question was not involved in that case. That was the case of a chattel mortgage, pure and simple. It will be observed that all of the statutes above cited have reference only to mortgages of both real and personal property. The remark of the learned judge who delivered the opinion in that case is clearly obiter, and is followed by the expression "If, however, this should be so," and thereupon he proceeds to decide the case wholly upon other grounds. It will be observed that the judgment recovered by Valentine is upon two coupons, which had been attached to the bonds owned by Dickson, and were purchased by Valentine after they became due. These coupons derive their vitality from the bonds to which they were attached, and the bonds are in all respects subject to the terms and conditions of the mortgage. They and the mortgage are to be read together, and constitute practically one instrument. Whoever takes a bond takes it subject to the conditions and provisions of the mortgage. Valentine, by suing upon these coupons and recovering a judgment, asserted the validity of the bonds, and necessarily, therefore, the validity of the mortgage, so that he cannot now be heard to dispute its validity. It does not appear that there are any other creditors of the steel company than the holders and owners of the bonds and coupons secured by the mortgage in question. There need, therefore, be no apprehension that any portion of the property covered by this mortgage can be seized and appropriated by

means of judgments and executions by any creditor who does not sustain to the mortgage a like relation to that of Valentine. Valentine is one of a class. He stands in the same relation to the mortgage as every other couponholder and as every other bondholder. He cannot be permitted, by procuring a judgment and execution and levy thereof upon the property of the company, to obtain any advantage over other creditors of the same class, the rule of law being that the holder of unpaid coupons detached from mortgage bonds may sue at law and recover a judgment for his unpaid interest; but he cannot, nevertheless, cause the execution to be levied upon the property covered by the mortgage, because that property has been conveyed to the trustee under the mortgage in trust for all the bondholders, and because the bondholders under the mortgage stand in reference to that security upon an equal right, and are entitled to equality of distribution. Therefore one of them cannot be allowed thus to get a preference over the others, and, if it becomes necessary for him to reach the property held by the trustee, he must proceed against the trustee, not for his own separate benefit, but as a bondholder or couponholder, and on behalf of the bondholders as a class. What may be realized by such proceedings belongs to the whole class, and must be distributed among its members pro rata. See 5 Thomp. Corp. § 6124. There are other reasons, unnecessary to be stated in this brief memorandum, which are also sufficient, in my mind, to require the granting of this motion.

Motion granted.