(61 App. Div. 350.)

### FITZGERALD v. ATLANTA HOME INS. CO.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

1. INSURANCE—PERSONALTY—FIXTURES.
Casks, bottles, and packing cases, used to hold and transport the products of a brewery, are not annexed to the realty, nor more particularly adapted for the use of one brewery than another, and hence are not fixtures.

2. SAME—RECITAL IN MORTGAGE—CONCLUSIVENESS ON THIRD PARTY—INSURANCE —CHATTEL MORTGAGE CLAUSE.
Where plaintiff mortgaged her brewery, the mortgage stipulating that all the apparatus, tools, machinery, and appliances used in and about the brewery should be regarded as fixtures, and included in the mortgage, and subsequently procured a policy of insurance on certain described property used in the brewery, including casks, bottles, and shipping cases, which provided that the policy should be void if the subject of insurance be personal property, and be incumbered by a chattel mortgage, such policy was void, since the statement in the mortgage that the casks, bottles, and shipping cases were to be considered fixtures could not conclude the insurance company from asserting their true character.

3. SAME—NONSEVERABLE POLICY.
A policy issued in a gross sum on property which was partly fixtures and partly personalty was rendered void as to both kinds of property by the violation of a clause prohibiting the mortgaging of insured personalty.

Appeal from trial term, Rensselaer county.

Action by Mary Fitzgerald against the Atlanta Home Insurance Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Appeal by the defendant from a judgment of the supreme court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 29th day of October, 1900, upon the verdict of a jury; and also from an order dated October 25, 1900, and entered in said clerk's office on the 29th day of October, 1900, denying the defendant's motion for a new trial, made upon the minutes. In the year 1895 one Michael Fitzgerald, the husband of the plaintiff, erected a brewery building on lands owned by him at Hoosick Falls, N. Y., and placed in it machinery and appliances for the conduct of a brewing business. Some of the machinery and appliances were affixed to the building, and other articles, such as casks, bottles, packing cases, etc., were not affixed to the building. In that year he borrowed of one Tracy $6,000, and, as security therefor, executed a mortgage on the real property with the appurtenances, describing the real property by metes and bounds, but did not in terms refer to or describe the fixtures and other property used in the brewing business. Another mortgage on the same property was subsequently given by him. In 1896 judgments were obtained against him, and, the same not being paid, a supplementary proceeding was instituted, and a receiver obtained therein. The Brooklyn Trust Company became the owner of the said $6,000

mortgage, and·in 1897 commenced an action to foreclose said mortgage, making the subsequent mortgagee, judgment creditors, and the receiver in supplementary proceedings parties thereto; and a sale was had under the judgment in that action, and the property sold to the plaintiff for $7,385. The description in the deed from the referee was the same as that contained in the mortgage. A few days thereafter the Brooklyn Trust Company conveyed the property by the same description to the plaintiff in this action for said sum of $7,385, and the plaintiff executed to such company a mortgage, in which mortgage the said Michael Fitzgerald joined, conveying to the company the same property described in the deed to the plaintiff by the same description, and also including therein certain appliances in, upon, and about the said described premises, connected therewith and used therein, specifically enumerating them in said mortgage. Said mortgage contained a further description as follows, viz.: "And all personal property of every name, nature, and description now in and about the above-described premises, being the Fitzgerald Brewery, called the 'Hoosick Falls Brewing Company,' or in any way used therein; and also any and all property hereafter acquired and used on the said premises or in the said brewery for the manufacture and sale of beer, ale, and lager; this mortgage being intended to cover the entire brewery plant of what is called the 'Hoosick Brewing Company,' and all the apparatus, machinery, tools, and appliances; and all and every part of the appliances, apparatus, machinery, tools, etc., above specified in the said brewery, and used in and about the said brewery plant, are hereby agreed to be and are considered as fixtures, and as a part of the said real estate." The mortgage is dated the 20th day of May, 1898, and was recorded in the clerk's office of the county of Rensselaer on the 25th day of May, 1898, and a copy thereof was duly filed as a chattel mortgage in the town clerk's office of the town of Hoosick, N. Y., on the 24th day of May, 1898. On the 24th day of October, 1898, the plaintiff and Michael Fitzgerald, her husband, executed and delivered to one Charles H. McLaughlin a mortgage for the sum of $840 on said real and personal property by a description substantially the same as that contained in the mortgage to the said trust company, which mortgage to the said McLaughlin was recorded in the clerk's office of the county of Rensselaer on the 2d day of November, 1898. On the 4th day of April, 1899, plaintiff obtained from the defendant a policy of insurance on property described therein as follows: "The following described property, while located and contained as described herein, and not elsewhere, to wit, on engine, boiler, and fixtures, ice machine, connections and appurtenances thereto, pipes, ice tanks, filter, hose, mash machine, hopper, scales and platform to same, bottles, casks, chip casks, temperators, Baudlet cooler, and surface cooler, copper false bottoms, and packing cases, all while contained in the four-story and basement brick, tin-roofed brewery building situate on the east bank of the Hoosick river, south of River street, Hoosick Falls, N. Y." The policy was of the standard form of the state of New York. It contained a provision that the company should not be liable for a greater proportion of the loss than the amount thereby insured should bear to the whole insurance covering the property. It also contained a provision that, unless otherwise provided by agreement indorsed thereon or added thereto, the entire policy should be void (among other things), (1) if the interest of the insured be other than unconditional and sole ownership; (2) if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage. The policy also provided: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." Plaintiff also procured two other policies of insurance on the same property insured by the defendant. These policies were each for $750; one issued by the Farmers' Insurance Company, and the other by the Colonial Insurance Company. The plaintiff also procured from the Hartford Insurance Company a policy of $5,000, of which $2,000 was upon stock contained in the brewery and $3,000 was upon property described as follows: "On tubs, copper kettle, pumps, elevator, shafting, belting,

pulleys, hangers, gears, steam and water pipes, and other fixtures, tools, and implements (not including ice machine, scales, and cooler), casks and kegs." The plaintiff also obtained insurance on the building aggregating $8,500. On the 21st day of April, 1899, the building and contents were substantially destroyed by fire. The defendant's agent at Troy, N. Y., was notified of the fire soon after it occurred, and communicated with the defendant, but written notice of loss was not sent to the defendant by the plaintiff until the 16th day of May, 1899. On the 14th day of June, 1899, the plaintiff, at Troy, N. Y., mailed sworn proofs of loss to the defendant at Atlanta, Ga., which was received by it in due course of mail. In her proofs of loss, among other things, she states "that, in addition to the amount covered by said policy of said company [defendant company], there was fifteen hundred ($1,500) dollars other concurrent insurance, made thereon as specified in the accompanying schedule, showing the name of each company and amounts of each policy, besides which there was no other insurance thereon." Nothing was said in the proofs of loss about the policy of the Hartford Insurance Company, or in regard to the policies on the building. She also says in her proofs of loss "that there was no incumbrance on the said property." The defendant refused to pay the loss, and this action was brought.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Albert A. Wray, for appellant.
Jeremiah K. Long, for respondent.

CHASE, J. The appellant challenges the ownership by the plaintiff of the property insured, and states many other grounds why it claims that the plaintiff is not entitled to recover herein. In this opinion we shall only consider the nature of the property insured and of the mortgages thereon, and whether the plaintiff, in stating her proofs of loss that the property insured was not incumbered, made a false statement, within the meaning of the part of the policy relating thereto. Included in the property insured were packing cases, bottles, and casks. The casks referred to were not chip casks, nor pressure casks, which were about the same as chip casks. The evidence shows that there were at the brewery building at the time of the fire 200 or 300 packing cases, being the ordinary cases to hold bottles for delivery to customers and for shipment; also 80 or 90 gross of bottles used for delivering and shipping lager beer; and also about 1,000 oak casks, used, in connection with the brewing business, for holding and shipping the products of the brewery. The plaintiff included this property in the schedule attached to her proofs of loss as a part of the property insured by the defendant and as a part of the property destroyed by the fire, and the value thereof is stated by her to have been $3,650, or a little less than one-third of the amount stated by her as the value of all the property insured by the defendant. The court of appeals, in McRea v. Bank, 66 N. Y. 489, stated three requisites to constitute a fixture: (1) Actual annexation to the realty or something appurtenant thereto; (2) application to the use or purpose for which this part of the realty with which it is connected is appropriated; (3) the intention of the party making the annexation to make a permanent accession to the freehold. The shipping cases, bottles, and casks are not fixtures, when tested by this rule. These articles are in no way affixed to the realty, or anything appurtenant thereto, and are no more applicable to the

purposes of the plaintiff's brewery than are farm implements to a particular farm, mechanical tools to a particular work shop, or household appliances to a particular house. The description of the property contained in the policy in controversy recognizes the transitory and chattel nature of the property described in it. It is only insured "while located and contained as described herein, and not elsewhere, to wit, * * * all while contained in the * * * brewery building." The mortgages given by the plaintiff expressly included personal property, but stated therein that such property should be considered a part of the real estate. That the plaintiff has seen fit to call the personal property by another name in an instrument between herself and a third party does not change its character in fact, or estop the defendant from insisting that the contract of insurance shall be construed with reference to the real nature of the property insured and the ordinary meaning of the language employed. The court of appeals, in the McRea Case, says: "If the property had, in its own nature, a determinate legal character, either as realty or personalty, the manner in which the parties treated it would not change that character." Persons are not concluded by recitals in instruments to which they are not parties. Tyson v. Post, 108 N. Y. 217, 15 N. E. 316. That the packing cases, bottles, and casks were personal property cannot be reasonably questioned. It is settled in this state that, where insurance is made on different kinds of property, each separately valued, the contract is severable, even if but one premium is paid, and the amount insured is the sum total of the valuations. Pratt v. Insurance Co., 130 N. Y. 206, 29 N. E. 117; King v. Association, 35 App. Div. 58, 54 N. Y. Supp. 1057. In this case the articles of property insured were not separately stated, and the contract of insurance was entire and indivisible. The contract of insurance being entire and indivisible, a cause of avoidance or forfeiture in respect to a part of the property insured affects the whole contract. 16 Am. & Eng. Enc. Law (2d Ed.) 954. Some of the property enumerated in the defendant's policy may have been so affixed to the building as to have become a part of the realty, and to have lost its character as personal property; but, as a material part of the property insured by the defendant was personal property, it should have been treated as such by the plaintiff, and must be treated as such by the court. Confessedly, all of the property was included in the mortgage to the Brooklyn Trust Company of May 20, 1898, and the mortgage to McLaughlin of November 2, 1898. No particular form is necessary to constitute a chattel mortgage. McCaffrey v. Wooden, 65 N. Y. 459, 22 Am. Rep. 644. An instrument given in the form of a real-estate mortgage conveying real estate, including therein personal property, is a chattel mortgage so far as the personal property is concerned, and must be filed as provided by statute, and treated as a chattel mortgage. Hoyle v. Railroad Co., 54 N. Y. 314, 13 Am. Rep. 595; Stewart v. Beale, 7 Hun, 405; Guaranty Trust Co. v. Troy Steel Co., 33 Misc. Rep. 484, 68 N. Y. Supp. 915; Sheldon v. Wickham, 27 App. Div. 628, 50 N. Y. Supp. 314, reversed on another point in 164 N. Y. 500, 55 N. E. 1045; Stevens v. Railroad Co., 31 Barb. 590. The trust company treated its mortgage as a chattel

mortgage so far as the personal property was concerned, and immediately filed the same in the proper town clerk's office, and the same was, as to the personal property and chattels included therein, a chattel mortgage. When the plaintiff swore to her proofs of loss, she knew that it contained a statement that there was no incumbrance upon the property insured, and she knew that she had given mortgages on all the property mentioned in the policy to the Brooklyn Trust Company and to McLaughlin. An incumbrance is a claim or lien upon property. If, as between the parties to this action, the mortgages, so far as they related to personal property, were chattel mortgages, there is no dispute but that the statement in the proofs of loss was an erroneous one. The mortgages, as between the parties thereto, were a lien on the property insured, whether it was real or personal estate; consequently, the incumbrances on the property should have been stated by the plaintiff regardless of the character of the property. The learned trial justice was asked by the defendant's counsel, "I ask you to charge the jury that on the evidence in this case the property insured under our policy was incumbered at the time of the fire and the making of the proofs of loss." To this the court replied, "I charge that in connection with the charge already made." It is not clear from an examination of the charge of the court what was intended by the trial justice by his reference to the charge already made. The language of the proofs of loss is plain and unambiguous, and plaintiff's statement of good faith was not sufficient to justify the submission to the jury of any question relating to her failure to state the incumbrances on the property insured.

Judgment reversed on the law and facts, and new trial granted; costs to abide the event. All concur.