VUCCI v. NORTH BRITISH & MERCANTILE INS. CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. INSURANCE—SEPARABLE POLICY—BREACH OF CONDITIONS—EFFECT.

> Where a separable policy of insurance covering a stock of merchandise and barber's furniture and fixtures provided that the term "furniture and fixtures" should include, among other things, "the tools, implements and utensils used in the business of the assured," a breach of condition against a misstatement of interest, consisting of a chattel mortgage covering the furniture and fixtures, invalidated the entire insurance on the furniture and fixtures as defined by the policy, though some portions thereof were not covered by the mortgage.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by John Vucci against the North British & Mercantile Insurance Company. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Leo Levy, for appellant.
Abraham Schleimer, for respondent.

SCOTT, J. The plaintiff was insured under a fire policy in the standard form. It contained the usual condition that the policy should be void "if the interest of the assured be other than unconditional and sole ownership; or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." The goods were insured under two clauses, one as the stock of merchandise, the other as a barber's furniture and fixtures. It is con-

ceded by the appellant that the policy was severable, but it is urged that, inasmuch as a portion of the furniture and fixtures were concededly incumbered by a chattel mortgage, the insurance was invalidated upon so much of the insured property as fell within the description of "furniture and fixtures."

It is well settled that if a portion of the personal property covered by insurance be subject to a chattel mortgage, there being no waiver or indorsement, the whole insurance is void, even as to the property not affected by the mortgage. Fitzgerald v. Atlanta Home Ins. Co., 61 App. Div. 350, 70 N. Y. Supp. 552. It follows in the present case that the policy was void as to all of the "furniture and fixtures," and it remains to be considered what was included in that term. The policy itself answers the question, the words being defined as including, among other things, the "tools, implements and utensils used in the business of the assured." The proofs of loss, as well as the plaintiff's bill of particulars, include, under the item of "stock" not affected by the chattel mortgage, a great number of items answering to the description of tools, implements, and utensils commonly used by barbers in their business, and the amount of the recovery shows that their value must have been included in the judgment. So far as may be judged from the inventory, but little of value would seem to be properly included under the term "stock," as that word was used in the policy. It would, perhaps, be too harsh to say that in making up his proofs of loss the plaintiff willfully swore falsely, since he does not appear to be skilled in the English language, and may have overlooked the definition of the words "furniture and fixtures" contained in the policy. It seems to be clear, however, that the existence of the chattel mortgage avoids the policy as to everything comprised within the term "furniture and fixtures," and that all of the tools, implements, and utensils used by plaintiff in his business are comprised within those terms, no matter under what head he may have classified them in his proofs of loss.

The judgment must be reversed and a new trial granted, with costs to appellant to abide the event. All concur.