(108 App. Div. 103.)

## MILLER v. GIBBS et al.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

1. INSURANCE—INSURABLE INTEREST—MORTGAGED PREMISES.

     Apart from any agreement relating thereto, the owner of mortgaged. property and the mortgagee each have an insurable interest therein and may insure the property for his individual benefit.

     [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 148.]

2. INSURANCE—DIFFERENT KINDS OF PROPERTY—SEPARATE VALUATION—SEVERABLE CONTRACT.

     Where insurance is taken on different kinds of property, each separately valued, the contract is severable, though only one premium is paid and the amount insured is the sum total of the valuations.

     [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 384.]

3. SAME—POLICIES—CONSTRUCTION—RIGHTS OF MORTGAGEE.

     Where policies insuring severally under separate valuations certain factory buildings and their contents were indorsed, "Loss, if any, on buildings, payable" to a mortgagee as his interest might appear, the mortgagee was not entitled to any portion of the proceeds of insurance on the "contents" of the buildings.

     Chester, J., dissenting.

Appeal from Special Term, Delaware County.

Action by T. De Witt Miller, as surviving executor of the will of George Rider, deceased, against A. R. Gibbs, as receiver of the Sydney Glass Works, a dissolved corporation, and others. From so much of a judgment as directed payment of certain proceeds of insurance to plaintiff, defendant receiver appeals. Reversed.

On the 7th day of November, 1891, one Burrows gave to one Angell a bond, conditioned for the payment of $5,000 and interest, and as collateral security for the payment of said bond he gave a mortgage on certain real property therein specifically described. Following the description of said real property in said mortgage was a further provision as follows: "The parties of the first part also include in said mortgaged premises all the tools and implements used in said glass works, together with the engine, boiler, shafting, pulleys, belts, and all other machinery of every kind used in or about said factory, whether located in the buildings on said lands or outside the same, and it is the intention of the parties to this instrument that all the property mentioned in this paragraph is and shall be included in the mortgaged property and be deemed covered by this mortgage." Said mortgage also contained a covenant by the mortgagor to keep the buildings erected and to be erected on the lands described insured against loss or damage by fire by solvent insurers and in an amount approved by the mortgagee and to assign the policies therefor to the mortgagee his heirs or assigns. And said covenant also provided that, in case of default by the mortgagor in effecting such insurance, the mortgagee could effect the same, and the premium or premiums paid should be a lien on the mortgaged premises. Thereafter such bond and mortgage were duly assigned to the plaintiff's testator in his lifetime, and also thereafter the property described in the mortgage was sold to the Sidney Glass Works; but it did not assume the payment of said bond and mortgage, or the performance of the covenants in the bond and mortgage contained. Before the commencement of this action and in 1901 the Sidney Glass Works was dissolved, and the appellant was appointed the receiver of such corporation. In the year 1899 the Sidney Glass Works obtained three policies of insurance upon the property of said Sidney Glass Works. The description of the property insured and the amount of the insurance on each group of property therein described is as follows (the numbers were not in the policies, but are placed herein for convenience): "(1) $600 on the frame building, additions, and foundations thereto, in-

cluding furnaces and ovens, occupied for the manufacture of glassware and known as the 'main factory building.' (2) $100 on the machinery, shafting, belting, molds, lear wagons, tools, patterns, fixtures, factory furniture, forges, bellows, and steam and water pipes therein. (3) $100 on the frame asbestos-roof building, occupied as a mixing house and storage, situate about 100 feet south of the main building. (4) $100 on the stock of sand, soda, ash, lime, batch wagons, and tools therein. (5) $100 on the frame packing house and office, situate about 100 feet east of the main building. (6) $100 on frame building and additions occupied as an engine house and for box making, situate southeast of the main building. (7) $200 on the machinery, shafting, belting, molds, tools, patterns, fixtures, factory furniture, forges, bellows, steam and water pipes in said engine house and additions. (8) $100 on boiler and engine therein." The policies were the same in amount and terms, and each of said policies contained an indorsement as follows: "Loss, if any, on buildings, payable to the estate of George Rider, mortgagee, as his interests may appear." Thereafter, and on April 4, 1900, the property described in said policies was destroyed by fire, with the exception of one building and its contents, being the building and property described in the third and fourth items in said insurance policies. The loss was adjusted at the full amount, and the amounts stated in the first, fourth, and fifth items were paid to the mortgagee. The loss on the second, seventh, and eighth items, amounting upon the three policies to $1,200, was paid by check to the order of the mortgagee and said receiver, and the same has been collected and deposited by them subject to the order of the court. In the judgment herein it is provided that said amount be paid to the mortgagee to apply on said mortgage. The receiver insists that such $1,200 should be paid to him as receiver for the benefit of the creditors of the corporation, and from the judgment, so far as it adjudges that said amount shall be paid to the mortgagee to apply on the mortgage, this appeal is taken. The bond accompanying said mortgage was guarantied by certain persons, who are defendants and respondents herein.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

George L. Gibbs, for appellant.
Wagner & Fisher, for respondent Miller.
James R. Baumes and William H. Pierce, pro se.
William Thorpe, for respondents Cartwright and Winegard.
Charles H. Seelye, for respondents Phelps and Simons.

CHASE, J. Apart from any agreement relating thereto, the owner of the mortgaged property and the mortgagee each had an insurable interest in, and could have insured, the mortgaged property for his individual benefit. The mortgagee could have taken such insurance on any or all of the property covered by the mortgage. At the time the policies mentioned were given the owner of the property was not bound by any personal covenant to insure for the benefit of the mortgagee, and the mortgagee did not obtain insurance on any of the property, either by the authority contained in the mortgage or otherwise. The rights of the parties must be determined by what was actually done by them. It may be well, however, to consider the covenant to insure contained in the mortgage. It was not a covenant to keep the mortgaged property or the Sidney Glass Works insured, but to keep "the buildings erected upon the lands" insured. This covenant followed a description of the property mortgaged, where the "buildings" are recognized by name as distinguished from the other property contained therein.

In Sunderlin v. Ætna Ins. Co., 18 Hun, 522, the court, in construing policies of insurance on a "frame building detached, occupied by assured as a tannery," in force while other insurance obtained by the owner was placed upon such building described by the same language, and also included insurance for a specified amount on "engine, boiler, and pumps," and on "bark mill, machinery, shafting, and iron pipe," held:

> "The fair construction is that these two policies applied only to the building. Their language is such. They insure 'the frame building'; nothing more. Its use is described, because it might be important to know the mode of use. But the policies do not even say that they insure the tannery as such. They assure only 'the frame building.' In Bigler v. N. Y. C. Ins. Co., 20 Barb. 635, cited by defendant, the insurance was on the plaintiff's 'steam sawmill,' and those words were held to include the machinery. But the language in these policies is different. The parties seem to have had simply the frame building in view, and not the engine or machinery."

The insurance obtained by the Sidney Glass Works separately described the property insured, stating the insurance on each class of property, and therein described what was intended to be included therewith. The policies included an amount separately stated on three buildings, one of which was the engine house, an amount on the boiler and engine, and an amount separately stated on the contents of each building. It is settled in this state that where insurance is taken on different kinds of property, each separately valued, the contract is severable, even if but one premium is paid and the amount insured is the sum total of the valuations. Fitzgerald v. Atlanta Home Ins. Co., 61 App. Div. 350, 70 N. Y. Supp. 552, affirmed 175 N. Y. 494, 67 N. E. 1082. The indorsement on the policies of "Loss, if any, on buildings, payable to the estate of George Rider, mortgagee, as his interest may appear," was apparently satisfactory to the mortgagee. There seems to be little room for construction of the language of such indorsement, as it is plain and apparent; and, if it is not in accordance with the intention of the parties, they have been unfortunate in their choice of language.

The judgment, so far as it directs the payment of the $1,200 to the mortgagee on account of the mortgage indebtedness, should be reversed, with costs, and the judgment should be modified, by providing therein, in place of the payment of said $1,200 to the mortgagee, that the same be paid to the appellant. All concur, except CHESTER, J., who dissents, and SMITH, J., who is of opinion that the plaintiff is entitled to such part of the insurance as was paid for the loss upon personal property which was so annexed to the freehold as to become a part thereof.