LYDIA MARKGRAF, Plaintiff, *v.* THE FELLOWSHIP OF SOLIDARITY, Defendant.*

(Supreme Court, Kings Trial Term, March, 1909.)

Fraternal and mutual benefit associations — Forfeiture, suspension or resignation — Forfeiture for nonpayment of dues and assessments — Estoppel to forfeit policy.

A provision in a policy of insurance issued by a benefit association requiring payment of the annual premium in advance may be modified by agreement to receive it in monthly payments.

Where it is undisputed that by agreement the course of business between the association and a member to whom such a policy was issued April 1, 1907, was to receive monthly instalments of the annual premium at any time during the month, the assured, who died August 11, 1907, without having made the payment due for that month, was at the time of his death a member of the association; and his wife, the beneficiary under the policy, upon tendering the August payment on or before the last day of that month, is entitled to recover the amount of the policy, with interest, less whatever sums are chargeable against the same.

Evidence offered by defendant that the deceased member some time in August stated that his wife did not wish him to continue the insurance will not defeat her claim under the policy.

---

* Received too late for insertion in proper place. Affirmed by Appellate Division on this opinion.—[REP.

An attempt of the association to collect the premium after August first was evidence that it regarded the deceased as still a member, notwithstanding his failure to pay upon the first of that month, and such refusal to pay did not, *ipso facto*, forfeit his membership.

MOTIONS by both parties for the direction of a verdict.

Max Salomon, for plaintiff.

Miles M. Dawson, for defendant.

KELLY, J.    At the conclusion of the trial both parties moved for the direction of a verdict. It appears that the defendant agreed with the assured that the premium should be paid in monthly instalments of eleven dollars and ten cents, half of which, five dollars and fifty-five cents, was payable in cash, and the balance charged against the assured. The policy was issued April 1, 1907, the assured died August 11, 1907, and the question to be decided is whether he was a member of the defendant association at the date of his death. Defendant claims that he had not paid the instalment necessary to carry the insurance over the month of August, 1907. It is not disputed that the instalments necessary to continue the insurance to July 31, 1907, were paid. The plaintiff beneficiary claims that assured was not in default at the date of his death, August eleventh, because he had the entire month of August in which to pay the instalment for that month. Subsequently to the death of the assured she tendered the instalment of August but defendant declined to receive it. While it is true that the policy calls for the payment of the annual premium in advance, this provision is modified by defendant's agreement to receive it in monthly instalments, and it is undisputed that the course of business between defendant and deceased was to receive the instalment at any time during the month up to the last day of the month. It was in this way that the deceased made the four payments for April, May, June and July, and the defendant sent him a notice, Exhibit 6, that a payment of another instalment must be made " on or before the last day

of August, 1907, * * * in order to continue your membership with benefits of policy No. 2780 for month ending Sept. 30, 1907." It is evident that, by its course of dealing with the assured, the defendant is estopped from insisting upon a forfeiture because of the policy holder's failure to pay the particular premium on the first of the month. Kelly v. Security Mutual Life Ins. Co., 106 App. Div. 352; De Frece v. National Life Ins. Co., 136 N. Y. 144; Kenyon v. K. T. & M. M. A. Assn., 122 id. 247, The evidence offered by defendant, that deceased sometime in August stated that he intended to give up the insurance or, more correctly stated, that his wife, the present plaintiff, did not wish him to continue it, will not defeat the claim. It is evident from the attempt to collect the premium after August first, that defendant regarded the deceased as still in membership, notwithstanding his failure to pay upon the first of the month, and his refusal to pay did not forfeit his membership *ipso facto*. The defendant took no formal steps to forfeit his policy, and, as already suggested by its course of dealing with him, justified a belief that he could pay the instalment at any time during the month.

A verdict is therefore directed for the plaintiff for the amount of the policy with interest, less whatever sums are chargeable against the same.

Ordered accordingly.