(93 Misc. Rep. 67)

RAAB et al. v. NATIONAL SLAVONIC SOCIETY OF UNITED STATES OF AMERICA.

(Supreme Court, Appellate Term, First Department.  December 20, 1915.)

1. INSURANCE ☜813—FRATERNAL INSURANCE—ACTIONS.

Where by the terms of the certificate insurance was payable to the member's wife and children, action is properly brought by them, instead of the administrator.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1994; Dec. Dig. ☜813.]

2. INSURANCE ☜825—FRATERNAL INSURANCE—RESIGNATION.

Whether a member of a fraternal insurance order, who suggested that his name be dropped, had resigned, is a question of fact for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2009; Dec. Dig. ☜825.]

3. INSURANCE ☜756—FRATERNAL INSURANCE—EXPULSION OF MEMBER.

Where the by-laws of a fraternal insurer required a member to be notified of his indebtedness and of the time when he would be expelled, directly or by registered letter, an expulsion is ineffective where the member was not notified.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1917, 1918; Dec. Dig. ☜756.]

4. INSURANCE ☜825—FRATERNAL INSURANCE—ACTIONS—EVIDENCE.

In an action on a certificate issued by a fraternal insurer, the question whether it had been forfeited for nonpayment of dues, or whether the time had been extended, held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2009; Dec. Dig. ☜825.]

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. INSURANCE ⟡817—FRATERNAL INSURANCE—ACTIONS—BURDEN OF PROOF.
    The burden of proving that a certificate issued by a fraternal insurer
    had been forfeited for nonpayment of dues is upon the insurer.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1999–2002;
    Dec. Dig. ⟡817.]

6. APPEAL AND ERROR ⟡927—PRESUMPTIONS—NONSUIT—INFERENCES FROM
    EVIDENCE.
    Where plaintiff was nonsuited, he is, on appeal, entitled to the most fa-
    vorable inferences deducible from the evidence.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912,
    2917, 3748, 3758, 4024; Dec. Dig. ⟡927.]

Appeal from City Court of New York, Trial Term.

Action by Marie Raab and others against the National Slavonic Society of the United States of America. From a judgment for defendant, dismissing the complaint, plaintiffs appeal. Reversed, and remanded.

See, also, 90 Misc. Rep. 379, 152 N. Y. Supp. 1033.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Hymes, Woytisek & Schaap, of New York City (Michael Schaap and Edward Hymes, both of New York City, of counsel), for appellants.

Steiner & Petersen, of New York City (Joseph H. Kohan, of New York City, of counsel), for respondent.

PHILBIN, J. The plaintiffs sue as next of kin of one Edward Raab, their intestate, for $1,000 claimed to be due from the defendant upon a certificate of membership insurance. The said intestate died on the 12th day of August, 1912, leaving him surviving the plaintiffs, his widow and children. The defendant is a corporation chartered by the state of Pennsylvania and formed for the purpose of helping members of the Slavonic race residing in this country through mutual insurance in case of sickness or death. The deceased became a member of one of its subordinate lodges or assemblies on the 12th day of May, 1906. On the 1st day of May, 1912, a charge was made against him by said defendant for $2.71, of which 65 cents was for an amount due from his wife, one of the plaintiffs. It was the custom of members to pay the charges against their wives, but such charge was not a liability of the husband. Dues also became due by decedent on June 1, 1912. None of said dues had been paid on the death of decedent on said 12th day of August, 1912.

There is no substantial difference between the appellants and the respondent as to the above facts. The defendant refused to pay the sum of $1,000, which the plaintiffs claimed was due them under the insurance of the defendant, and in its answer set up the following defenses: (1) That the action should have been by the administrator of the decedent. (2) That the plaintiffs did not furnish the documents required by the constitution and by-laws of the defendant on presentation of the claim. (3) That 60 days had not elapsed since the receipt of such documents by the defendant. (4) That the de-

⟡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

ceased was in arrears more than 60 days for the assessments for the month of May, 1912, amounting to $2.71, and was therefore expelled at a meeting held July 13, 1912. (5) That deceased voluntarily withdrew and resigned as a member.

[1] As to the first ground, under the terms of the certificate the cause of action accrued to the plaintiffs, and the action was properly brought by them. The second and third grounds are unsupported by proof, and the evidence on behalf of the plaintiffs, that shortly after the decedent's death the necessary papers were tendered to the financial secretary of the defendant, is uncontradicted.

[2] The claim that the plaintiffs' intestate voluntarily withdrew and resigned as a member presented a question of fact for the jury as to whether, in view of all the circumstances, the statements made by the decedent to the officers of the defendant expressed such a decision upon his part. Somewhat similar language has been held not sufficient to defeat a claim like the one presented by the plaintiffs. Markgraf v. Fellowship of Solidarity, 65 Misc. Rep. 64-66, 119 N. Y. Supp. 665.

[3] Taking up the question as to whether the decedent was expelled prior to his death, we find that the by-laws of the defendant specify the conditions and the procedure under which an expulsion can take place, and, briefly stated, they provide: That a member who has failed to pay regular, special, and mortuary benefits and fines within 60 days from the date of assessment of the supreme assembly, "and who has been notified or admonished to pay, and has failed to do so, shall be expelled" at a regular or special meeting. That the member must first be notified of his indebtedness, "of the amount of the same, and of the time when he would be expelled," and that the delinquent member shall be given such notice by the assembly directly or by a registered letter; the sending of such registered letter to be deemed sufficient notice, regardless of whether the member received it.

If the deceased can be held to have ever been expelled by reason of a violation of said by-laws, it must be because of the action taken at a meeting of August 10, 1912, and the regularity thereof, and at which meeting the resolution of expulsion was adopted. There is not sufficient proof that the decedent was notified "of the time when he would be expelled" (section 92), "directly or through an officer or committee, or by a registered letter" (section 93). It must therefore be held that the proceedings to expel the decedent were fatally defective, and that consequently he had not ceased to be a member at the time of his death. Ellis v. National Provident Union, 50 App. Div. 255, 63 N. Y. Supp. 1012.

[4-6] The other ground urged was that the plaintiffs were not entitled to recover, because no extension of time to pay the arrears of dues had been granted by the assembly. The section involved reads as follows:

"Section 76. A member who failed to pay his mortuary, regular and special assessments within thirty days from the date of the assessments of the Supreme Assembly shall not be entitled to the sick and death benefits, except where he has requested his assembly for an extension of time and such request has been granted."

It will be observed that there is nothing in said section about *dues,* although in the said registered letter, written under section 93, reference is made only to arrears of dues. Unless the words "dues" and "assessments," as used, were synonymous, said section 76 apparently has no application to the facts here. As described in the record, the dues consisted of 50 cents monthly, and the assessments mainly related to mortuary and sick benefits and the support of the official publication of the society.

Even if it be assumed that said section 76 relates to dues, it is not clear that the defendant had sustained the burden of proving that the plaintiffs are precluded from recovery because of the omission to pay the amounts that became due on May 13, 1912, and subsequent months. Davis v. Atkinson, 33 Misc. Rep. 484, 67 N. Y. Supp. 851. The inferences may properly be drawn from the testimony that an extension of the time of payment was obtained. On the 6th of July, 1912, a certificate was issued by the defendant declaring that he was entitled to sick benefit, although more than 30 days had passed since he became in arrears. The financial secretary of the defendant testified that the privilege of deferring payments had been at times granted to the decedent; that the decedent made a request to have his time to pay dues extended 2, 3, or 4 months, and it was so arranged, and he invariably did so. Said secretary also said that he had had a talk with decedent on the 22d of July, 1912, when the decedent suggested that his name be dropped, as other Bohemian societies to which he belonged would pay his sick benefit, whereupon said secretary asked decedent not to have any hard feelings—that he would have to send decedent a registered letter before he struck him off. At the time of the arrears the decedent was entitled to moneys from the society as a so-called sick benefit, and it is not obvious from the record as to whether an account between the parties would show that he was in debt for 30 days prior to his decease, although probably such was the fact. The burden was upon the defendant to establish the alleged forfeiture.

The plaintiffs having been nonsuited, they are upon this appeal entitled to the most favorable inferences deducible from the evidence, and all contested facts are to be treated as established in their favor. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287; Sundheimer v. City of New York, 176 N. Y. 497, 68 N. E. 867; Walsh v. Met. Life Ins. Co., 105 App. Div. 186, 93 N. Y. Supp. 445; Flanagan v. Carlin Cons. Co., 134 App. Div. 236, 118 N. Y. Supp. 953. The claim that there had been a forfeiture under section 76 called for a determination of fact by the jury. A verdict based upon a finding that the decedent had not resigned, and that there had been granted an extension of the time of payment as provided in said section, would have been sustained by the evidence.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.